## AVERY CO. OF TEXAS v. HARRISON CO. (No. 596–4069.)

(Commission of Appeals of Texas, Section A. Dec. 20, 1924.)

**1. Principal and agent ⟨key⟩104(2)—Seller held not bound by verbal representations of agent not contained in written contract.**

Where order provided that seller was not bound by verbal agreements of its agents, and that order must comprise all the agreements in writing, and written contract did not contain anything not agreed to, nothing was omitted, and buyers were not induced to sign by fraud and knew what they were signing, defendant was not bound by any verbal representations of their agent not contained in written contract.

**2. Evidence ⟨key⟩441(9)—Written contract presumed to contain whole agreement, and in absence of fraud or mistake evidence of oral representations inadmissible.**

Where order provided that seller was not bound by verbal agreements of its agent, and that all agreements must be in writing, in absence of allegations and proof of fraud or mistake, court will conclusively presume that written contract contained whole agreement, and parol evidence of representations not disclosed by contract are inadmissible.

**3. Fraud ⟨key⟩3—Necessary elements stated.**

In order for buyers to maintain action for fraud and deceit, they must allege and prove that representations were of material facts which were untrue and known to be untrue by party making them, that they were made with intent to deceive and induce plaintiffs to enter into the contract, that plaintiffs relied thereon, and were induced thereby to sign contract, but for which they would not have done so, and that they were thereby damaged.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraud.]

**4. Fraud ⟨key⟩41—Petition by buyers held insufficient.**

In action by buyers of tractor and plows for damages for fraud and deceit inducing them to enter into contract, petition *held* insufficient and subject to general demurrer.

**5. Fraud ⟨key⟩20—Contract must be void for lack of assent.**

To constitute actionable fraud in procuring of written contract, it must be such that contract is voidable because of lack of assent to terms upon part of party seeking to avoid it.

**6. Sales ⟨key⟩288(1)—Buyers held to have waived right to rely on warranties in order contract.**

Where buyers of tractor and plows, in order to enable seller's agent to deliver them, signed statement that machine fully satisfied warranties contained in order contract, *held* that they waived any right to rely on warranties in order contract.

**7. Venue ⟨key⟩8—Properly laid in county where contract actually performed and fraud committed.**

Where tractor and plows were shipped to S. county on approval, and delivery and settlement were there made, contract was actually performed in such county, and if there was any actionable fraud it was committed in such county, and hence venue of action by buyers to recover for fraud was properly laid in such county.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by J. E. Harrison and another, as surviving partners of the Harrison Company, a partnership, against the Avery Company of Texas. Judgment for plaintiffs was modified by Court of Civil Appeals (254 S. W. 1015), and defendant brings error. Reversed and rendered.

Burgess, Burgess, Sadler, Chrestman & Brundridge, of Dallas, for plaintiff in error. H. B. Short, of Center, and W. T. Davis, of San Augustine, for defendants in error.

GERMAN, P. J. J. E. Harrison and E. F. Harrison, as the surviving partners of Harrison Company, a partnership, filed this suit in the district court of San Augustine county, Tex., against the Avery Company of Texas, a corporation, with its principal office and place of business in Dallas county. We will designate the parties as in the trial court.

We have had much difficulty in determining the nature of plaintiffs' cause of action as pleaded. From the pleadings it would appear to be a suit for damages because of breach of warranties in a contract made between plaintiffs and the agents of defendant; while from the argument and counter propositions of plaintiffs' counsel it appears that they consider the suit as one for damages for fraud and deceit practiced by defendant through its agents in the making of a contract for the purchase of a tractor and plows. We therefore find it necessary to set out the substance of plaintiffs' second amended original petition, on which they went to trial.

By this pleading it is alleged: That plaintiffs owned certain lands in San Augustine county which were suitable for the growing of oats, and a part of which they desired to plant in oats for the years 1914 and 1915. That being desirous of purchasing a tractor and plows for the purpose of plowing and cultivating said lands, in June, 1914, they made known their intentions to agents of defendant, explaining to said agents the purposes for which they wanted said machinery, and fully advising them of their intentions to plant said lands in oats during the years 1914 and 1915. That defendant's agents had full and expert knowledge of the ma-

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

chinery and plows suitable and necessary to the purposes of plaintiffs, and were advised that plaintiffs would rely upon such expert knowledge in purchasing the engine and plows that they needed. That being advised of the desires and needs of plaintiffs, the agents of defendant represented that defendant's Avery 20 traction H. B. 35 brake H. B. gas tractor, and defendant's Avery self-lift 5 furrow plow with thribble bottoms were what was needed by plaintiffs and would effectively and economically do the work which they desired to do. That a certain tractor engine was pointed out to plaintiffs by defendant's agents, which was represented to be as good as new, and which it was represented, had been used only about two months. That defendant would sell all of said machinery, plows and accessories, for the sum of $1,340, one half to be paid in cash and the other half by note. That relying upon said representations by defendant's agents, plaintiffs on the 3d day of July, 1914, agreed in writing to take said machinery, upon the terms stated, "in which writing it was warranted that said engine would do said work and pull said plows." It was further alleged that after said tractor and plows were delivered to plaintiffs they would not do the work they were warranted to do; that the engine was not new, or good as new, but was secondhand, and in bad repair. "That all said representations were false, willfully and knowingly made with the intent to deceive plaintiffs, and all said warranties failed." It was also alleged that by reason of the failure of said tractor and plows to do the work which they were warranted to do, plaintiffs were prevented from planting a part of their lands in oats for the years 1914 and 1915, to their damage in the sum of $6,000. "That by reason of the premises said parties have been damaged by the said false representations and failure of warranties of the said defendant in the said sum of $6,000, and the further sum of $670 cash paid, and the further sum of $1,100 the amount of said note." Plaintiffs also alleged that "said representations and warranties on the part of the defendant" were made in San Augustine county, and "that said warranties failed and were breached in San Augustine county, Tex., for which reason the cause of action herein set up arose and a part thereof arose in San Augustine county."

Plaintiffs prayed for damages as above shown, and in the alternative prayed for the difference between the market value of the machinery at the time of the discovery of its unfitness and its value as represented to plaintiffs by defendant's agents.

Defendant filed a plea of privilege to be sued in Dallas county. It also pleaded numerous defenses, but particularly alleged that the contract and agreement between plaintiffs and defendant was in writing, that it contained all of the promises and agreements made by defendant, as well as all warranties, and if there had been a breach of the contract or warranties, then the liability of defendant was to be measured by the provisions of the contract, and that, in accordance with said provisions, plaintiffs had waived all claims they may have ever had against defendant. It was also specially pleaded that the written agreement between the parties provided that defendant company would not be bound by any verbal agreements of any kind made with its agents or dealers; and that therefore plaintiffs were not entitled to rely upon any representation or warranty not contained in the written contract.

The trial court overruled defendant's plea of privilege, and the case was tried without a jury. Judgment was rendered in favor of plaintiffs for $8,011, which was evidently the full amount of damages sued for, with interest. The Court of Civil Appeals reformed the judgment, allowing recovery for only $3,000 as profit on the crop of oats which plaintiffs would have grown for the year 1914 but for the failure of the tractor and plows to do the work which it was represented they would do. 254 S. W. 1015.

It was shown by the evidence that negotiations with the plaintiffs were by one Nordyke and one Hamm, local agents and dealers for defendant; that these agents had no authority to enter into written contracts, but before any contract became binding on the defendant it was necessary to send same to the Dallas office for acceptance. The written agreement between the parties, dated July 3, 1914, was offered in evidence. It shows that plaintiffs ordered defendant to ship to them at San Augustine, Tex., a certain tractor, with usual fixtures and attachments, and certain plows and equipment. It is provided in the contract that the machinery is ordered on approval and subject to the warranty contained in the printed order, and, if the purchaser requests, the settlement may be deposited in the bank to allow one day's trial of the machinery. In case of failure, the property to be turned over to the company without liability to either party. It is further provided that if within six days after the tractor is started the purchaser is not satisfied that it can be made to operate satisfactorily, and proper request is made, the company is to furnish expert operators to assist in the operation of same. The written order contains the following warranties and representations:

"Warranty.—Said Avery gas tractor to be well made, of good material, and in a workmanlike manner, and any piece or part that proves defective within 90 days to be made good at the factory, at Peoria, Ill., free of charge. (Ignition apparatus not guaranteed, except as by the makers of same.)"

"Warranty on Avery Self-Lift Plow.—The Avery self-lift engine gang plows are war-

ranted to be well made, of good material, and in a workmanlike manner, and all castings and shafting that break through fair and proper use, within one year from date of purchase, will be replaced free of charge."

"Representation.—That the said tractor, if an 8 H. P., will pull from two to three 14-inch plows; if a 12 H. P., from three to four 14-inch plows; if a 20 H. P., from four to six 14-inch plows; if a 25 H. P., from five to seven 14-inch plows; if a 40 H. P., from eight to ten 14-inch plows, in ordinary stubble ground, at a depth of from four to six inches; provided the plow pinion (thirteen tooth) be used on the crank shaft of the motor."

The evidence shows that the written order was sent to the Dallas office, where it was accepted, and there is no proof that the defendant company had any notice or knowledge or any agreement, representation or warranty other than those contained in the written order. The machinery was shipped to the order of the defendant company at San Augustine, Tex. A representative of the company received same at San Augustine, and in connection with plaintiffs devoted several days to demonstrating with the tractor and plows. On July 14, 1914, plaintiffs signed the following statement addressed to the Avery Company at Dallas:

"This is to certify that your Mr. R. Stansberry has this day been at our machine and demonstrated 20—35 engine, hauling, disking, and plowing with 4 bottoms, pulling same in a satisfactory manner, and that the machine purchased now fully satisfies the warranty."

At this time the machinery was delivered and the settlement made, plaintiffs paying $670 in cash and executing their note for a like amount, payable at Dallas. However, it appears that the plows furnished were not satisfactory and by parol agreement between plaintiffs and agents of defendant other plows were substituted. It also appears that negotiations continued between the parties over a period of several months in an effort to supply plaintiffs with satisfactory plows, and finally, at plaintiffs' suggestion, they were furnished with certain disc plows, and were allowed a credit on the note covering difference between price of the disc plows and the plows originally furnished.

It is apparent from a study of plaintiffs' pleadings, whatever the nature of their suit, that it is based entirely upon the transaction between them and defendant's agents, and must be construed as a suit for breach of the parol warranties made by defendant's agents, or as a suit based upon fraud and deceit, predicated upon the representations made by defendant's agents in the negotiations leading up to the making of the formal contract. It is manifestly apparent that they are not seeking to hold defendant liable for breach of the warranties contained in the written agreement. As noted above, in

their pleadings plaintiffs make several references to "failure of warranties," and as a ground for damages specially allege that same are due to "said false representations and failure of warranties." They also allege that "said warranties failed and were breached in San Augustine county, Tex., for which reason the cause of action herein set up arose and a part thereof arose in San Augustine county." We therefore think that the clear intendment of the petition was to base the suit upon failure and breach of the parol warranties made by defendant's agents. However, we infer from the argument of plaintiffs' counsel and the authorities cited by them that they are seeking to uphold the judgment on the theory that this is in fact a suit for damages for fraud committed by defendant's agents. But under either theory we do not think plaintiffs were entitled to recover, in the light of their pleadings and proof. Among other things the written contract contained the following provisions:

"Local and traveling agents are authorized to take orders only on blanks furnished by the company, and are not authorized to sell goods in any other manner.

"The Avery Company of Texas will in no case be bound by verbal agreements of any kind that are made with its travelers or mechanical experts or dealers. This order must comprise all the agreements in writing and no agreement in writing will be binding upon Avery Company of Texas unless it is duly submitted to it for approval and acceptance.

"No local or traveling agent of the company is authorized to deliver machinery before settlement as herein provided, or change the warranty in any respect."

[1] There are no allegations whatever on the part of plaintiffs, nor proof, to the effect that by reason of fraud, accident or mistake the written contract contained anything not agreed to by the parties, or that any promise, representation or warranty was omitted therefrom. Nor is there any allegation or proof that by any fraudulent representation, artifice, or conduct the parties were induced to sign the contract, or that at the time it was signed they did not know or were prevented from knowing what it contained. Under these circumstances it is plain that defendant was not bound by any promise or representation made by Nordyke and Hamm, not contained in the written contract. J. I. Case Threshing Mach. Co. v. Manes (Tex. Com. App.) 254 S. W. 929; Bybee v. Embree-McLean Carriage Co. (Tex. Civ. App.) 135 S. W. 205.

[2] In the absence of allegations of fraud, accident or mistake of the nature above indicated, it will be conclusively presumed that the written contract contained the whole agreement of the parties, and parol evidence of representations, statements or warranties not disclosed by the contract was inadmissi-

ble. White et al. v. Hager (Tex. Com. App.) 248 S. W. 319; Case Threshing Mach. Co. v. Hall, 32 Tex. Civ. App. 214, 73 S. W. 835; First Nat'l Bank of Garner v. Smith (Tex. Civ. App.) 183 S. W. 862.

[3] But if it be conceded that a cause of action could be predicated upon the representations of an agent, when the written contract placed limitations upon the agent's authority (as in Thompson Co. v. Sawyers, 111 Tex. 374, 234 S. W. 873), and if this be treated as a suit for damages on the ground that plaintiffs were induced by fraud and deceit to enter into the contract, then we think the pleadings are insufficient to sustain such action. As applicable to the facts of this transaction the following is a correct rule of law: In order for plaintiffs to maintain this action as one for fraud and deceit, it was necessary to allege and prove that the representations made by defendant's agents as to the tractor and plows were of material facts, which were untrue at the time made, and were known to be untrue by the party or parties making them; that they were made with the intent and design of deceiving the plaintiffs, and to induce them to enter into the contract; that plaintiffs in fact relied upon such representations and were induced thereby to sign the contract, and but for which they would not have done so; and that they were thereby damaged. 12 R. C. L. 240, 26 C. J. 1062; Railway Co. v. Titterington, 84 Tex. 223, 19 S. W. 472, 31 Am. St. Rep. 39; Baines v. Mensing Bros., 75 Tex. 200, 12 S. W. 984; Burchill v. Hermsmeyer (Tex. Civ. App.) 212 S. W. 767; Wortman v. Young (Tex. Civ. App.) 221 S. W. 662.

[4-6] Tested by this rule plaintiffs' petition was subject to a general demurrer. We can see no reason why this cause should be remanded for another trial. By the written statement of July 14, 1914, plaintiffs expressly declare with reference to the tractor, "the machine purchased now fully satisfies the warranty." In a letter of August 10, 1914, they state: "Our engine is everything we could wish for; we like it better every day we use it." In a letter of September 11, 1914, they say: "We are well pleased with the engine." In another letter dated October 19, 1914, they state: "We have no kicks at all about our engine; it is more than we expected." Besides, the engine was bought on approval, and plaintiffs had ample opportunity to examine and test the same before making the settlement. It conclusively appears that defendant's agent had no authority to deliver the engine until settlement was made, and plaintiffs voluntarily executed the written agreement of July 14, 1914, to induce the agent to deliver the engine to them. If it be conceded that the statements made by defendant's agent in negotiating the purchase would form the basis of actionable fraud (which we very much doubt), yet it appears that plaintiffs did not rely thereon in concluding the purchase, and were not in the slightest degree misled or deceived thereby into signing the contract. As we understand the rule as announced in Thompson Co. v. Sawyers, supra, actionable fraud in the procuring of a written contract must be such that, when the contract is tested in the light of the fraud, it is voidable, because there was a lack of real assent to its terms upon the part of the party seeking to avoid it. This leads us to refer to the fact that, as shown by bills of exception, the validity of the contract and this precise issue of fraud were litigated in the suit brought on the note in Dallas county, and there decided against plaintiffs. They have no legal right to again litigate the same matter. We of course do not base the decision of this case upon the question of res adjudicata, as it is not presented here, but call attention to this fact as justifying our conclusion that plaintiffs' claim of fraud is without equitable foundation.

[7] As stated above, a complete and final settlement with reference to the engine was made July 14, 1914, and the parties then ignored the written contract with reference to the plows, and substituted a new parol agreement. So far as the record shows there was no agreement with reference to warranties. Plaintiffs have unquestionably waived any right they may have ever had to rely upon the warranty in the written order as to the plows. The machinery was shipped to San Augustine on approval. Delivery and settlement were made there. The contract was therefore actually performed in that county. If there were any actionable fraud it was committed in that county. We therefore conclude that venue was properly laid in San Augustine county.

Without a further discussion, we recommend that the judgment of the Court of Civil Appeals and of the district court both be reversed, and that judgment be rendered in favor of defendant.

CURETON, C. J. Judgments of the Court of Civil Appeals and the district court both reversed, and judgment rendered for the plaintiff in error.