## ABERNATHY et al. v. BRASHEAR.

### No. 3770.

Court of Civil Appeals of Texas. Amarillo.

March 16, 1932.

Rehearing Denied April 13, 1932.

Vickers & Campbell, of Lubbock, for appellants.

Alfred M. Scott, of Lubbock, for appellee.

JACKSON, J.

The plaintiffs, Mollie D. Abernathy, joined by her husband, instituted this suit in the county court of Lubbock county, Tex., against the defendant J. A. Brashear, to recover $300, with 6 per cent. interest thereon.

Plaintiffs alleged that on January 12, 1931, Mollie D. Abernathy paid to the defendant the sum of $300 without any consideration and because of the false and fraudulent representations made to her by the defendant. They allege that the defendant was local agent for the American National Insurance Company of Galveston, and as such negotiated with his company for a loan to plaintiffs in the sum of $15,000, which if consummated was by them to be secured by a deed of trust on certain real estate in the town of Lubbock, in Lubbock county, Tex. They allege that they made application to said American National Insurance Company through the defendant as its agent for the loan, which was finally consummated. That said insurance company transmitted the $15,000 in the form of a check, payable to plaintiffs, but that such check was forwarded to said defendant at Lubbock, Tex., for delivery. That at the time the loan was delivered, the defendant represented to plaintiffs that the sum of 2 per cent., or $300, was a cost charge to be deducted from said $15,000, and returned to said insurance company. That it would be necessary and proper to pay him for said company the $300, without which the check could not be delivered. That relying on such representations the plaintiff paid the defendant the $300. That such representations were made by the defendant for his personal gain, that the insurance company made no such charge for the cost of such loan, that the plaintiffs did not owe the defendant said sum of $300, and that such representations were false and untrue, all of which was known to the defendant at the time such fraudulent representations were made.

The defendant answered by general demurrer, special exceptions, general denial, and specifically denied the false and fraudulent representations, and alleged that he was an independent broker and negotiated the loan to plaintiffs under a subbrokerage agreement with W. A. Thomas, who was the state loan agent for said American National Insurance Company. That the plaintiffs knew and agreed to pay the defendant 2 per cent. as brokerage on the amount of the loan and thereby became obligated to pay the defendant the $300 sued for in the petition. That the American National Insurance Company forwarded to plaintiffs the check for the loan and the plaintiffs, with full knowledge of the defendant's claim, cashed said check and paid him said $300 as commission.

He alleges in the alternative that, if the plaintiffs had not expressly contracted to pay him the sum of $300 as brokerage, said sum constituted reasonable compensation for his services in negotiating said loan and pleads quantum meruit. That as a part of the consideration for negotiating the loan, plaintiffs agreed to give the defendant their insurance business on the property for at least a period of one year, but that thereafter the plaintiffs wrongfully canceled the insurance issued to them through the agency of the defendant and secured a refund on the premium of $51.04, which amount the defendant is entitled to as commission.

That on January 12, 1931, the date of the consummation of the loan, the plaintiffs filed this suit against the defendant and also filed a garnishment suit, numbered 2951-A, and had a writ of garnishment issued and served upon the Lubbock National Bank as garnishee and impounded $281.57, the amount of the defendant's deposit in said bank. That he was thereby deprived of the use of said sum

to his damages in the sum of 6 per cent. per annum from January 12, 1931, until February 25, 1931, when said sum was released on a replevy bond filed by the defendant. That said garnishment proceeding was instituted wrongfully, unlawfully, and maliciously, and without probable cause for the purpose of injuring and harassing this defendant. That the affidavit upon which said garnishment was issued was false, and that by reason of the institution of said garnishment proceeding and the impounding of defendant's money in said bank, he had suffered exemplary damages in the sum of $500, in addition to his actual damages. He alleges that the plaintiffs executed a bond, naming the sureties thereon, and by way of cross-action sought a recovery of said damages.

The Lubbock National Bank answered in the garnishment proceedings that it was indebted to the defendant in the sum of $281.57, that it had employed an attorney to answer for it in said garnishment suit at and for the sum of $25, which is a reasonable attorney's fee.

At the close of the testimony the court directed a verdict against the plaintiffs on their suit against the defendant, and in response to special issues submitted by the court on the defendant's cross-action, the jury found, in substance, that the plaintiffs instituted the garnishment suit maliciously, with intent to harass and injure the defendant, and that the defendant was damaged thereby in the sum of $125. That the plaintiffs had not expressly or impliedly agreed before the consummation of the loan that they would give Brashear the fire insurance business on the property covered by the loan.

On these findings judgment was entered that the plaintiffs take nothing by their direct suit against the defendant and that he have and recover of and from the plaintiffs the sum of $2.07 as actual damages; that the $125 exemplary damages should be credited with $34.16, the unearned premiums on the insurance policies at the date of their cancellation; and that the defendant have judgment for the balance of $92.91 against the plaintiffs and their sureties on their bond in garnishment, from which judgment the plaintiffs have prosecuted this appeal.

The appellants challenge as error the action of the trial court in peremptorily instructing a verdict against them on their claim for $300, because the testimony presented a controverted issue which should have been submitted to the jury.

The record discloses that Mrs. Abernathy secured the payment of the loan to the American National Insurance Company with a lien upon her separate property. She testified that the defendant was advertising money to loan at 6 per cent. That in negotiations with him, he advised her that he was repre-senting the American National Insurance Company and that through him she secured the loan of $15,000. That he advised her the company required an additional 2 per cent. for the first year, after which the interest would be 8 per cent. per annum. That she received the $15,000 in two checks, one for $7,500 with which she paid a debt and discharged a prior lien existing against the property upon which the deed of trust was given to the American National Insurance Company. That the check for the balance was payable to her, but came to the defendant, who refused to deliver the check until certain items of expenses were paid. That he exhibited an itemized account showing one item, "Cost of loan $300.00." That the defendant informed her that the company received the $300 and paid him one-half of one per cent. as commission. That she paid the money believing it belonged to the insurance company, but if she had known that the $300 was not going to the company, she would have paid it because she had no choice, as she had already used part of the $15,000 and had to pay the $300. That if she had known the money was going to Mr. Brashear, she would not have paid it to him. That before the consummation of the loan the defendant had told her of the $300 expenses, but said nothing about commissions. That it was none of her business where the defendant got his money, and if he had not required her to take out the insurance, nothing would have been said about the $300. That the only objection which she made to the itemized statement of expenses was the insurance premium. That she saw the $300 item, understood it was 2 per cent. on the loan as she had been previously advised by the defendant. That she understood the $300 and the 2 per cent. were the same thing, but she did not know the company was not to receive said 2 per cent.

■ The testimony of Mrs. Abernathy set out above, while sharply controverted, must, in view of the peremptory instruction, be construed as though it were uncontradicted.

Her testimony discloses that she knew she was to pay 2 per cent. on the amount of the loan in addition to the 8 per cent. annual interest. Before she paid the $300, she was exhibited an itemized account showing, "Cost of loan, $300.00." She knew that this item represented 2 per cent. on the amount of the loan. That she had been previously advised by the defendant that the loan would cost 10 per cent. for the first year and 8 per cent. per annum thereafter. That she was not interested in where defendant got his money, and if he had not required her to take out the insurance, nothing would have been said about the $300. That she paid the money believing it belonged to the insurance company, but if she had known it was going to Mr. Brashear,

she would have paid it but would not have paid it to him.

In our opinion the only reasonable and fair deduction to be drawn from this testimony is that the appellants knew during the negotiations and at the time of the consummation of the transaction that the loan was costing them 2 per cent. on the amount thereof, in addition to the annual interest of 8 per cent. provided for in the deed of trust. Appellants' complaint is not that they were required to pay the $300 for the loan, but that the $300 was paid for the use and benefit of appellee instead of the insurance company. "Fraud without damage or injury is not remedial. This principle applies not only to fraud arising through representations, but also to fraud arising through concealment or a combination of concealment and representation. Falsehood which causes no injury may be immoral but cannot be a legal wrong." 26 C. J. 1167, § 77. "It is settled law that 'both fraud and damage must concur to constitute actionable fraud, a common statement of the rule being that neither fraud without damage, nor damage without fraud, is sufficient to support an action.' 12 R. C. L. 240, § 10; Pasley v. Freeman, 3 T. R. 51; Hope v. Shirley (Tex. Civ. App.) 187 S. W. 973; Avery Co. v. Harrison Co. (Tex. Com. App.) 267 S. W. 254." Cole v. Butler (Tex. Civ. App.) 36 S.W.(2d) 259, 260.

The record most favorably construed shows that appellants understood and expected they would have to pay this $300 to consummate the loan. The fact that the appellee received and retained the 2 per cent. as commission, instead of forwarding it to the insurance company as cost of loan, in no way damaged the appellants, and in our opinion the court correctly instructed the jury to find against appellants on this issue.

The appellants alleged that the appellee was the agent of the American National Insurance Company and, as such agent, represented said company in negotiating and consummating the loan. The testimony discloses that the appellee was acting as subagent of the general loan agent of said insurance company, which had no notice or knowledge of the commission or cost item to be paid by the appellants. If appellants had alleged and shown that appellee was their agent and represented them in negotiating the loan, we would be confronted with a different legal proposition on this appeal.

The appellants contend by assignment that the judgment of the court is erroneous in that he allowed an offset of $34.16, the unearned premium returned to appellants on the cancellation of their insurance policies issued to them through the agency of appellee, because the jury having found that the appellants did not agree, either expressly or impliedly, to give the appellee the fire insurance business, the appellants were entitled to credit on the exemplary damages for the entire premium paid.

The appellants did not seek to recover the premiums they had paid on such fire insurance policies and there was no basis in the pleading for the trial court to have awarded to them the premiums paid. This is the only contention made as to the judgment being erroneous, and such contention, under this record, is not tenable.

The judgment is affirmed.