### WILLIS v. ADAMS.

### No. 3612.

Court of Civil Appeals of Texas. Beaumont.

March 13, 1940.

Rehearing Denied March 27, 1940.

Morris & Bennett, of Beaumont, for appellant.

C. T. Duff and Lamar Cecil, both of Beaumont, and Louis V. Nelson, of Dallas, for appellee.

COMBS, Justice.

This suit was for debt in the amount of $700 and interest, evidenced by two notes given in part payment for a secondhand tractor and grader purchased from appellee by appellant. The only defense plead by appellant to this debt was a cross action for damages for fraud and misrepresentation by the appellee. In substance, the cross action alleged fraud, misrepresentation and concealment at the time the defendant viewed the machinery prior to the purchase. Subsequently, the written contract was entered into. The damages resulting to the appellant from the alleged fraud were fully plead in his cross action. The trial was to the court and appellee's general demurrer to appellant's cross action was carried with the case. However, all proof tendered by appellant in support of the matters plead in his cross action was excluded on objection of the appellee to the effect that such proof would vary and contradict the written purchase contract executed by the parties. At the conclusion of the evidence, the trial court entered a judgment for the appellee for its debt and foreclosure of mortgage lien on the machinery involved. The judgment by its terms sustained the plaintiff's general demurrer to the defendant's cross action, which judgment had the effect of denying the defendant the defense relied upon.

The sale contract duly executed by the parties contained the following stipulations:

"12. Purchaser hereby waives all statutory warranties and all warranties implied by law in connection with the sale of the property described on the reverse side hereof, and agrees that the only warranties made by seller in connection with said sale are those set forth on this page.

"13. It is agreed that this contract shall not be countermanded, and contains the entire agreement between the parties hereto and that no agreements or representations, either verbal or written, made by agents or employees, shall be binding on J. D. Adams Company, other than are contained herein."

The cross action contained no allegations attacking the written contract itself.

### Opinion.

We think the trial court entered the correct judgment on the record as made. The alleged fraud occurred during negotiations leading to the purchase of the

machinery by the appellant and occurred before the making of the written contract. There is no pleading in the cross action attacking the contract or tending to show that through fraud, accident or mistake it failed to represent the true agreement as finally made. The stipulations above quoted by their very terms constitute an effective bar to the matters alleged so long as the written contract is permitted to stand as written. Certainly, to permit proof which squarely contradicts and nullifies the provisions of the contract, would violate the parol evidence rule which shields written instruments from such attack.

The judgment of the trial court is affirmed.