**CHASTAIN et al. v. GILBERT et ux.**

No. 2060.

Court of Civil Appeals of Texas. Eastland.

Nov. 8, 1940.

Rehearing Denied Dec. 20, 1940.

Floyd Jones, of Breckenridge, for appellants.

L. H. Welch, of Breckenridge, for appellee.

FUNDERBURK, Justice.

In this suit by A. G. Chastain and J. F. Chastain against T. G. Gilbert to recover upon promissory notes and foreclose a chattel mortgage lien on a combine and certain cattle, Mrs. Roxie Gilbert, wife of T. G. Gilbert, intervened, asserting that the cattle constituted her separate property which her husband was without authority to mortgage. The defendant T. G. Gilbert filed a cross-action seeking cancellation of said notes and mortgage. In a trial by jury, judgment upon the verdict of the jury was rendered for the defendant to the effect that plaintiffs take nothing by their suit and (relating to the cross-action) that said notes and mortgage be canceled. No issues tendered by the pleadings of Intervener were submitted, and as to that phase of the case the judgment provided "that Intervener Roxie Gilbert take nothing by reason of her plea in intervention." The only exception to the judgment was by the plaintiffs, who alone have appealed.

Neither the defendant T. G. Gilbert, nor the Intervener Roxie Gilbert presents any cross assignments of error.

It not appearing that the judgment as relating to the intervention is affected by any fundamental error, and in the absence of any cross assignments of error, that judgment is affirmed.

It is our conclusion that the court should have granted appellants' motion for an instructed verdict in their favor. The evidence admissible under the pleadings was not such as to afford the necessary support of the judgment for the defendant. There was no evidence to support the issue of want of consideration for the notes and mortgage. The notes were

given in payment for a combine sold and delivered to the defendant. The defendant himself testified that the combine had some value. He could not, therefore, in the absence of agreement, return the machine and thereby absolve himself from liability upon his notes, simply upon the theory alone that the notes were given without consideration.

If the allegations of defendant's cross-action were intended to assert a cause of action for breach of a warranty as to the condition of the combine, the uncontroverted evidence showed that the sale contract was in writing and expressly provided no warranty. The evidence, if any, of a parol warranty was, therefore, by such written instrument shown to be incompetent. It was not one of the purposes of the suit to avoid such written instrument.

Besides, the pleading did not support the judgment based upon a warranty and the breach thereof, since the remedy for the breach of a warranty would be the recovery of damages, and not rescission of the contract of sale. No recovery of damages was sought.

The only other theory upon which the judgment could rest would be rescission and cancellation of the contract of sale because of false and fraudulent representations. The only representations shown by the evidence were promises to be performed in the future. Such promises, insofar as they were alleged in the cross-action, cannot be treated as warranties and thereby support the judgment, because, as already said, the remedy for breach of warranty would be an action for damages and not for rescission. As elements of actionable fraud such promises were insufficient. Neither the pleadings nor the evidence was sufficient to show actionable fraud based alone upon the nonperformance of promises.

As to pleading there was no allegation to the effect that plaintiffs made the promises without intention at the time to perform same. In that respect the pleading was insufficient to state a cause of action for rescission of the sale and cancellation of the notes and mortgage under the authority of many decisions, of which it is deemed sufficient to cite the leading case of Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472, 31 Am. St.Rep. 39.

If there was any evidence to support a conclusion of fact to the effect that the alleged promises were made without intention of performance, it is certainly true that such evidence did not conclusively establish the issue. Such issue constituting an essential element of defendant's cause of action, if any, he had the burden of pleading and proving it. Such issue was not submitted, nor, according to the record, requested to be submitted. The appellants were under no duty to request its submission. Hence, they are not barred from contending, as they do, that there was no evidence to support the judgment for the defendant and that the court should have granted their motion for judgment in their favor.

These conclusions require that the judgment be reversed. It does not appear that under proper pleadings the defendant may not have a defense against the notes. The case was evidently not tried with proper regard to controlling principles of law. Hence, we conclude that it should be remanded for further proceedings. Williams v. Safety Cas. Co., 129 Tex. 184, 102 S.W. 2d 178. It is so ordered.

Affirmed in part; reversed and remanded in part.