## ELKINS v. SUPER-COLD SOUTH-WEST CO.

### No. 13100.

Court of Civil Appeals of Texas. Dallas.

Nov. 14, 1941.

Rehearing Denied Dec. 12, 1941.

Earl E. Miller, of Dallas, and Treadwell & Roe, of Corsicana, for appellant.

Malone, Lipscomb, White & Seay, of Dallas, for appellee.

LOONEY, Justice.

Appellee, Super-Cold Southwest Company, sued A. Z. Elkins, the appellant, upon a promissory note representing the purchase money for, and secured by a chattel mortgage lien upon, one Model 72—13 S Bottle Cooler, a refrigerating device. Appellant's answer contained, among other defenses, a plea of total failure of consideration. The case was submitted to a jury on only one special issue, resulting in a verdict in favor of the appellant, to the effect that the consideration for the note had wholly failed. After overruling appellant's motion for judgment, the court sustained appellee's motion for judgment non obstante veredicto, and accordingly rendered judgment in its favor for debt and foreclosure, as prayed, to which appellant excepted, gave notice of, and perfected this appeal.

It is now too well settled to require citation of authorities that, a trial court is not authorized to render judgment in the face of a verdict, if the pleadings are sufficient and the verdict is sustained by any competent evidence.

Appellant insists that, as his plea was sufficient, not excepted to, established by competent evidence, the verdict was authorized, hence the court erred in rendering judgment against him, non obstante vere-

dicto. In substance, his plea alleged that, at the time he purchased from appellee the electric bottle cooler and executed the note sued upon, appellee guaranteed that the device would give perfect satisfaction and perform the service for which it was intended; and further that, if it should not give satisfaction and perform the service for which it was intended, appellee would take the same up and return to appellant his note; alleging further that, the device, after being used, proved to be utterly worthless and of no value to him; offered to return the device to appellee, which was refused. The evidence, in our opinion, supported these allegations and authorized the verdict of the jury; however, appellee contended in the court below, and contends here that, under the parol evidence rule, the oral agreement plead and proven by appellant cannot be given the effect of varying the terms of the written contract. This contention is based upon the following paragraph of the chattel mortgage, to wit: "No agreement except what is embodied herein shall be binding upon the parties hereto and it is declared that this contract and the above mentioned promissory note contains all agreements, representations, covenants and warranties, express or implied, relative to the operation and sale of said property, and the price thereof and the payment therefor." An examination of the note and chattel mortgage fails to reveal any express obligation or warranty on the part of appellee that would be varied or contradicted by the warranty or guaranty established by parol, that is, that the device would give perfect satisfaction and perform the service for which it was intended; nor is there anything in the note or mortgage that would be contradicted by the obligation of appellee to take back the device in case it proved inadequate, and return appellant's note. The rule of evidence under consideration does not forbid a resort to parol evidence not inconsistent with the matters stated in the writing. 17 Tex.Jur. p. 802, Sec. 358.

Besides, the provision of the chattel mortgage relied upon expressly provides that, "No agreement except what is embodied herein shall be binding upon the parties hereto * * *", declaring that the contract (chattel mortgage and note) contains all agreements, etc., "express or implied" relative to the operation and sale of the device. As above stated, the writings contain no express obligation or warranty on the part of appellee, but, necessarily,

there was "embodied" in the sale of the device, an implied warranty that it would render the service for which it was intended—this, as a matter of law; and was expressly mentioned in the excerpt copied from the chattel mortgage. This implication was as much a part of the sale contract as if expressly written therein. 17 Tex.Jur. p. 799, Sec. 356. It follows, therefore, that the parol evidence showing that appellee represented that the device would render the service for which it was intended, but if it did not, appellee would take it back and surrender appellant's note, in no sense contradicts the writing, but is consistent with the implied warranty "embodied" therein. See Detroit Automatic Scale Co. v. G. B. R. Smith Milling Co., Tex.Civ.App., 217 S.W. 198.

For reasons stated, we think the court erred in rendering judgment for the appellee, non obstante veredicto, but should have rendered judgment on the verdict for appellant, therefore, the judgment below is reversed and judgment is here rendered in his favor.

Reversed and rendered.