48

SUPER-COLD SOUTHWEST COMPANY V. A. Z. ELKINS.

No. 7947.   Decided November 25, 1942.
(166 S. W., 2d Series, 97.)

*Malone, Lipscomb, White & Seay* and *Harry Shufford,* all of Dallas, for petitioner.

It was error for the Court of Civil Appeals to hold that the alleged parol representations or warranties by an agent of the petitioner were admissible and competent evidence, even though the written contract provided that all agreements, warranties and representations were contained in the contract and note. Distributors Investment Co. v. Patton, 130 Texas 449, 110 S. W. (2d) 47; Willis v. Adams, 138 S. W. (2d) 855; Texas & Pac. Ry. Co. v. Poe, 131 Texas 337, 115 S. W. (2d) 591.

*Earl E. Miller,* of Dallas, and *Treadwell & Roe,* of Corsicana, for respondent.

Where there were ample pleadings and evidence before court and jury to support the finding by the jury that the consideration for the note sued upon, had failed, it was error for the trial court to enter a judgment non obstante veredicto. Heath v. Ellison, 145 S. W. (2d) 243; Dickson v. Kilgore State Bank, 257 S. W. 867; Gumm v. Chalmers, 127 S. W. (2d) 942.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This suit was brought by Super-Cold Southwest Company against A. Z. Elkins in County Court at Law No. 2 of Dallas County to recover on a promissory note and to foreclose a chattel mortgage lien upon one Model 72-13 S Bottle Cooler, a refrigerating device. The defendant alleged a total failure of consideration, and the jury sustained that contention. The trial court, however, upon proper motion rendered judgment for the plaintiff non obstante veredicto. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment for the defendant. 157 S. W. (2d) 946. This Court granted a writ of error on alleged conflict of decision.

The chattel mortgage executed by the defendant was in the nature of a sales contract. After setting out the installment payments to be made and other terms of the sale the contract provided as follows:

"No agreement except what is embodied herein shall be binding upon the parties hereto and it is declared that this contract and the above mentioned promissory note contains all agreements, representations, covenants and warranties, express or implied, relative to the operation and sale of said property, and the price thereof and the payment therefor."

The defendant alleged as follows:

"* * * that at the time of said sale and the execution of said note, and in consideration thereof, plaintiff warranted said Refrigerator to perform well and guaranteed that it would give perfect satisfaction to the defendant, but that if it did not come up to the requirements and needs for which it was to be used, then in that event the plaintiff would take same up and

deliver back to defendant the note which defendant had given to plaintiff as the purchase price.

"That said Refrigerator was and is utterly worthless and of no value to defendant, of all which plaintiff then and there had notice."

Upon the trial the defendant introduced parol evidence to prove that plaintiff's agent orally warranted the refrigerator as alleged by the defendant. The plaintiff objected to this evidence, on the ground that it constituted an attempt to vary the terms of the written contract by oral testimony. Only one issue was submitted to the jury, and that was whether or not there was a total failure of consideration, and the jury answered that issue in the affirmative.

■ There was no allegation whatever on the part of the defendant nor proof to the effect that by reason of fraud, accident, or mistake the written contract contained anything not agreed to by the parties, or that any promise, representation, or warranty was omitted therefrom. Nor was there any allegation or proof that the parties were induced to sign the contract by reason of any fraudulent representation, artifice, or trick, or that at the time it was signed they did not know, or were prevented from knowing, what it contained. Notwithstanding the fact that the written instrument expressly provided that it embodied all of the terms of the contract between the parties, including warranties, express or implied, relative to the operation of the refrigerator, the defendant contends that he is not liable for the purchase price of the refrigerator because of certain oral representations and warranties not included in the contract, which were alleged to have been made by the vendor at the time the sale was made.

In the case of Distributors Investment Co. v. Patton, 130 Texas 449, 110 S. W. (2d) 47, this Court had under consideration the exact question here presented. There the contract provided, in effect, as this one does, that the written contract embodied the entire agreement between the parties, and that no agreement except that embodied in the written contract should be binding on the parties. There was no allegation of fraud in inducing the parties to execute the contract. In that case this Court held that proof of oral representations and warranties made prior to the execution of the written con-

tract, and not embodied therein, was inadmissible. This is necessarily the law, for otherwise a party could destroy the value of a written contract by the mere proof of contemporaneous parol agreements. The very purpose of putting the agreement in writing is to definitely settle its terms and to exclude all oral understandings to the contrary. The alleged oral warranty that the refrigerator would work satisfactorily, and that if it did not the vendor would rescind the contract, is in direct conflict with the written instrument, wherein it was provided that there were no warrantes, either express or implied, other than those set out in the written instrument. The holding of this Court in the above-cited case is decisive of the question herein presented. See also Avery Co. of Texas v. Harrison Co. (Com. App.), 267 S. W. 254; Wright v. Couch (Civ. App.), 54 S. W. (2d) 207; Willis v. Adams (Civ. App.), 138 S. W. (2d) 855.

■ We are also of the opinion that the defendant's defense of total failure of consideration cannot be sustained because the evidence conclusively established that he received the refrigerator in question and used it in his business for some time, and that it had at least some substantial value. The defendant himself testified that at one time he had a sale for the refrigerator. Under these circumstances it cannot be held that there was a total failure of consideration. Chastain v. Gilbert (Civ. App.), 145 S. W. (2d) 938; L. D. Powell Co. v. Sturgeon (Civ. App.), 299 S. W. 274.

Since there was not a total failure of consideration, and there was no warranty as to the fitness of the refrigerator, the trial court properly rendered judgment for the plaintiff non obstante veredicto.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered November 25, 1942.