**SOUTHWESTERN PACKING CO., Inc., v.
CINCINNATI BUTCHERS'
SUPPLY CO.**

No. 10454.

Circuit Court of Appeals, Fifth Circuit.

Nov. 29, 1943.

Rehearing Denied Jan. 19, 1944.

V. W. Taylor, of Brownsville, Tex., and Lorimer Brown, of Harlingen, Tex., for appellant.

Harbert Davenport and R. G. Ransome, both of Brownsville, Tex., and Neal A. Sullivan, of Newkirk, Okl., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The suit was by appellee against appellant on promissory notes given for certain machinery. The defense was total and partial failure of consideration because the cooker assembly, which cost more than the balance claimed, was represented and warranted by appellee's authorized agent to perform efficiently and without offensive odors, but despite all efforts to correct, the odors continued so as to render the operation of it a nuisance to the nearby town, and a detriment to appellant's meat packing business, remediable only by its removal to another site, and causing other expense. The representation that the cooker would not emit offensive odors was allegedly made by one professing to know, was knowingly false, was intended to be relied on and was relied on by appellant to its injury.

The evidence showed that appellant, at the insistence of appellee's agent Berry, signed a written contract for the machinery which contained these provisions: "The liability of the seller under this contract, in the event the material fails to meet any guarantee herein, shall extend only to receiving the material f. o. b. cars at Cincinnati and refunding any payments made on account thereof. * * * The seller guarantees the material mentioned herein against defects for a period of 90 days from date of shipment. Parts claimed defective must be returned prepaid * * * and will be replaced free of charge. * * * The foregoing is the agreement as it exists at this date, and it is agreed and distinctly understood that all previous communications between the two parties hereto, either verbal or written, contrary to the provisions hereof are withdrawn, and that no modification of this agreement shall be binding on either party unless such modification shall be in writing duly accepted by the purchaser and approved by an officer of the seller at its home office." The agreement was afterwards approved by appellee May 31, 1939, at its home office. The evidence tends to show that Berry, whose authority to represent appellee is not questioned, in soliciting the contract represented himself as experienced and informed about the machinery he was selling and its per-

formance in "rendering" packing house offal, dead carcasses, and like refuse to secure from them useful by-products; that he knew the representatives of appellant to be ignorant; that he strongly and repeatedly stated to them the cooker he sold, if properly operated, would produce no offensive odors knowing that appellant's plant was located at the edge of town and could not be operated if such odors were produced; and the cooker would not have been bought but for this representation; that the representation was relied on, the cooker erected under Berry's directions, and operated with his assistance, but yielded the most foul odors, which after trying every cure Berry could suggest, including an additional condenser, could not be prevented, so that the town had required it to be shut down or moved. The meat packing business of appellant had also been injured. But after more than two years the appellant was still trying to operate the cooker, and had never tendered it back to the seller. The court directed a verdict for appellee and appellant has appealed.

█ In the allegations of the answer warranty, fraudulent misrepresentation and failure of consideration are so mingled as to be hard to separate, but we think all are intended to be relied on, and may be, since contradictory defenses are permitted. Rule of Civil Procedure 8(e) (2), 28 U.S.C.A. following section 723c.

█ Breach of oral warranty as to the performance of the cooker, and partial failure of consideration because of such breach, were properly excluded as inconsistent with the written contract. Its express guarantee excluded implied warranties, as also did the other language above quoted. There was not a total failure of consideration, because the machinery does its work and is in use. Aside from the issue of fraud, the written contract excludes the defenses made, and on all contractual defenses the verdict was properly directed. Super-Cold Southwest Co. v. Elkins, 140 Tex. 48, 166 S.W.2d 97; Avery Co. v. Harrison Co., Tex.Com.App., 267 S.W. 254; J. I. Case Threshing Mach. Co. v. Manes, Tex.Com.App., 254 S.W. 929.

█ Fraud in procuring the contract is not available here to nullify its terms. While, on discovery of such fraud, the party deceived may rescind and avoid the contract, he must do so promptly and surrender all benefits under it. The appellant, after it was apparent that the offensive

odors were and would continue to be produced, retained the purchased machinery and had it in operation at the time of the trial below. An election was thereby made to affirm the contract, and its binding effect can no longer be disputed. J. I. Case Threshing Mach. Co. v. Manes, Tex.Com. App., 254 S.W. 929.

██ But notwithstanding he has elected to affirm a contract procured by fraudulent misrepresentation, the party defrauded may still seek damages in tort for the deceit, see 20 Tex.Jur. § 7. Such damages by way of counterclaim are sought here. We had occasion a few days ago to state and discuss the elements of this tort under Georgia law in Kohler et al. v. Jacobs et al., 138 F.2d 440. The same elements under Texas law are thus stated in Avery Co. v. Harrison Co., Tex.Com.App., 267 S.W. 257: "In order for plaintiffs to maintain this action as one for fraud and deceit, it was necessary to allege and prove that the representations made by defendant's agents as to the tractor and plows were of material facts, which were untrue at the time made, and were known to be untrue by the party or parties making them; that they were made with the intent and design of deceiving the plaintiffs, and to induce them to enter into the contract; that plaintiffs in fact relied upon such representations and were induced thereby to sign the contract, and but for which they would not have done so; and that they were thereby damaged." That reckless statements made to be acted on may suffice though not known to be false, see 20 Tex. Jur. Sects. 8, 23. And as to promises and opinions fraudulently expressed, see Id. Sect. 16. The evidence of deceit was not at all conclusive, but we think it should have been submitted to the jury under proper instructions.

██ It is argued that if there was deceit, no recoverable damages were proven. The court below made no ruling on damages, and the evidence may not be the same on another trial. We therefore make no specific rulings as to the proper measure thereof. It is plain enough that there was some damage, such as the cost of reasonable efforts to stop the odors, and the lessened value of the cooker because it cannot be used on account of the odors when the wind blows towards town. We will say that recoverable damages must be the direct and natural result of the deceit; and that the plaintiff was under duty to exercise dili-

gence and prudence to end or minimize them. Whether prudence required, after reasonable effort to use the cooker, that it be moved to another site, or be abandoned and sold, as the cheapest way out, would seem to be a jury question, there being evidence on these points.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.