**Santiago SANTOS, d/b/a La Frontera Grocery, Appellant,**

v.

**MID–CONTINENT REFRIGERATOR COMPANY, Appellee.**

No. 595.

Court of Civil Appeals of Texas, Corpus Christi.

May 27, 1971.

Rehearing Denied June 10, 1971.

Hardy & Sharpe, Thomas G. Sharpe, Jr., Brownsville, for appellant.

Cox, Wilson, Duncan & Black, John William Black, Brownsville, for appellee.

## OPINION

NYE, Chief Justice.

Plaintiff Mid-Continent Refrigerator Company brought suit for its damages as a result of defendant Santiago Santos' default of a lease contract. The court granted the plaintiff's motion for summary judgment. The defendant has perfected his appeal contending in two points that the trial court erred in granting the summary judgment because there were controverted questions of fact on material issues that should be submitted to a jury.

The plaintiff and defendant entered into two written agreements concerning the leasing of certain refrigeration equipment. The defendant admits having entered into the contracts. However, he opposed the granting of the summary judgment because there were oral representations made by the plaintiff's agent which would permit the defendant to terminate the lease agreement earlier, thereby cancelling all the contractual obligations.

The plaintiff admits for the purpose of this appeal that a representative of plaintiff's company did make statements to the effect that he could return the refrigeration equipment in question. However, the plaintiff contends that the parol evidence rule prohibits oral testimony concerning such statements because the defendant is bound by the written contract which is clear on its face. Plaintiff says that its statements were nothing more than "puffing". They did not involve any factual misstatements.

The plaintiff filed certain requests for admissions, which were answered under oath by the defendant. The defendant admitted that the lease agreement and shipping order attached to plaintiff's petition (described as Exhibit A) constituted the only written agreements between the parties. Defendant admitted that the equipment described in the exhibit is the equipment leased by him from plaintiff. He admitted also that there were forty $90.00 payments due under the terms of the lease (three having been paid at the outset of the lease) and that the lease contained provisions charging defendant with costs and attorney fees in enforcing the provisions of the contract in the event of default.

The defendant in resisting the motion for summary judgment, filed his affidavit which stated in part: "* * * that the agent of the Plaintiff expressed to this Defendant that 'he could terminate this lease under the provisions of said clause (paragraph #9) by delivering the equipment, packed and ready for shipment to a place designated by the Plaintiff, and that he could try out the equipment to see if the produce placed in it would sell, if not return the equipment,' and the Defendant relying on these fraudulent misrepresentations by Plaintiff entered into the contract."

In addition to this statement by the defendant, the defendant attached an affidavit of a witness to this discussion at defendant's grocery store, who stated:

"* * * Mr. Santos (defendant) advised Mr. Beagle (agent for plaintiff) that he did not know whether the frozen foods would sell in his store. Mr. Beagle advised Mr. Santos to take the Freezer and use it and if it did not serve a functional purpose in the store at a future date, that it could be returned at any time that Mr. Santos wanted to return it and he also told Mr. Santos to save the packing so that he could use it in returning the refrigerator unit. When Mr. Santos specifically asked him if he could return the freezer, Mr. Beagle was very clear regarding the surrender of the refrigerator unit and the fact that Mr. Santos could surrender it at any time, and the contract would, therefore, be cancelled."

The lease agreement covers four legal size pages. It states that the terms of the lease commenced on the date of its acceptance and expires forty months after the date of the lease. It called for payments of $90.00 per month. Paragraph 9 of the lease states as follows:

"9. Surrender: Upon *the expiration or earlier termination of this lease,* lessee shall return to lessor the equipment in good repair, condition or working order, ordinary wear and tear resulting from proper use thereof alone excepted, by delivering it, packed and ready for shipment, to such place or carrier as lessor may specify within the city or county designated in paragraph 3 above." (emphasis supplied).

The appellant states that this paragraph 9 of the lease is ambiguous and that parol evidence in the form of the above cited witness' testimony should be admitted to show that the written contract was only a part of the entire agreement. The appellant contends further that the oral agreement that is set forth hereinabove would be a complete defense to the claim made by plaintiff, if a special issue on this point were answered affirmatively by the jury. Continuing, the appellant argues that the phrase "expiration or earlier termination" does not have any definite meaning under the contract, and that parol evidence should be offered before a jury to resolve this ambiguity.

■ This paragraph #9 instructs the defendant as to what is expected of him upon the expiration of the lease or in the event the lease is terminated earlier. The "expiration" aspect of the lease is clear. The lease provides that it shall expire at the end of forty months from date. "Earlier termination" is likewise clear. The lease agreement provides (in Paragraph 14) that the lease may be terminated earlier than its stated term if the lessee (defendant) defaults in his lease obligations and the lessor (plaintiff) notifies him in writing to this effect. We hold that this paragraph No. 9 is not ambiguous.

Art. 2.202 of the Uniform Commercial Code provides:

"Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing *intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement* but may be explained or supplemented

(1) by course of dealing or usage of trade (Section 1.205) or by course of performance (Section 2.208) ; and

(2) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement."

■ The shipping order which was executed by the agent in question and the defendant, stated that: "It is expressly understood and agreed that there are no conditions of the terms of this contract other than those herein expressly carried out * * *." and that this "Contract shall be binding on Lessee after written acknowledgement has been made by the Mid-Continent Company and deposited in the mail and/or the goods described above have been turned over to the carrier and/or delivery of the goods has been made." Delivery of the goods were made and received by the defendant.

The lease contract further provided in Paragraph 12:

"Warranties: Lessee acknowledges that lessor has made no representations and that there are no warranties, either expressed or implied, except written warranties provided by lessor, as to any matter whatsoever including, but not limited to, the condition of the equipment, its merchantability *or fitness for*

*any particular purpose.*" (emphasis supplied)

The Supreme Court of Texas had before it a similar problem in the case of Super-Cold Southwest Co. v. Elkins, 140 Tex. 48, 166 S.W.2d 97 (1942). There the plaintiff attempted to foreclose a chattel mortgage lien upon a refrigerating device and recover under a promissory note. The defendant alleged a total failure of consideration and the jury sustained the contention. The trial court rendered judgment for the plaintiff non obstante veredicto which was reversed by the Court of Civil Appeals. The Supreme Court reversed the Court of Civil Appeals and affirmed the judgment of the trial court, holding that it would be error to admit proof of oral representations made prior to the execution of the written contract where a written chattel mortgage in the nature of a sales contract expressly provided that it embodied all the terms of the contract between the parties including warranties, expressed or implied. The Court said:

"* * * The very purpose of putting the agreement in writing is to definitely settle its terms and to exclude all oral understandings to the contrary. The alleged oral warranty that the refrigerator would work satisfactorily, and that if it did not the vendor would rescind the contract, is in direct conflict with the written instrument, wherein it was provided that there were no warranties, either express or implied, other than those set out in the written instrument."

The Court said that:

"* * * This is necessarily the law, for otherwise a party could destroy the value of a written contract by the mere proof of contemporaneous parol agreements. * * *" Super-Cold Southwest Co. v. Elkins, supra.

We hold that the evidence offered is inadmissible. The judgment of the trial court is affirmed. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex. Sup.1970).

Affirmed.

## OPINION ON MOTION FOR REHEARING

 Appellant's original point of error has been fully discussed in our original opinion and is overruled. Appellant presents one or more additional points in his Motion for Rehearing that were not raised in his original brief on file herein. These points may not be considered because they were not raised by points of error in appellant's brief. Such points may not be raised for the first time In the Motion for Rehearing in this Court. Lone Star Gas Company v. Sheaner et al., 157 Tex. 508, 305 S.W.2d 150 (1957); Aycock et ux. v. Travis County et al., 255 S.W.2d 910 (Tex.Civ.App.—Austin 1953, wr. ref.); Trice Production Company v. Dutton Drilling Company, 333 S.W.2d 607 (Tex. Civ.App.—Houston 1960, ref. n.r.e.).

Motion for Rehearing is overruled.