### MENA v. BYERS.   (No. 1281.)

(Court of Civil Appeals of Texas. El Paso.
Jan. 19, 1922.   Rehearing Denied
Feb. 9, 1922.)

1. Witnesses ⬅⮞270(2)—Court's refusal on own motion to permit further cross-examination on subject not within issues held proper.

In action against dentist for negligent extraction of an adult's tooth, in which plaintiff cross-examined one medical and two dental experts on the subject of baby teeth, a subject not within issues, court's refusal on its own motion to permit plaintiff to proceed with the cross-examination of defendant with reference to baby teeth, after plaintiff had proceeded with such examination for some time, *held* proper.

2. Witnesses ⬅⮞267—Right of cross-examination should not be unduly restricted.

The right of cross-examination should not be unduly restricted by the court.

3. Witnesses ⬅⮞270(1)—Litigant has no right to cross-examine witness upon irrelevant and immaterial matters.

The litigant has no right to cross-examine upon matters which are irrelevant and immaterial.

4. Trial ⬅⮞29(3)—Court's remark in refusing to permit further cross-examination held not improper.

In action against dentist for negligent extraction of an adult's tooth in which defend-

ant had cross-examined three expert witnesses as to disintegration of the roots of baby teeth, a matter not within the issues, court's statement in refusal to permit further cross-examination on such subject that, "In the interest of time I am going to stop this baby tooth business; you may have your bill on it, but of my own motion I am going to stop any further examination" *held* not improper.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by Marcos Mena against G. B. Byers. Judgment for defendant, and plaintiff appeals. Affirmed.

S. J. Dodson and F. W. Manning, both of El Paso, for appellant.

D. E. Mulcahy, of El Paso, for appellee.

HIGGINS, J. Appellant sued appellee, a dentist, to recover damages for personal injury to his wife, caused by the alleged negligent extraction of a tooth of appellant's wife. Verdict was returned, and judgment rendered in favor of the defendant.

By bill of exception it is shown that plaintiff cross-examined one medical and two dental experts on the subject of baby teeth, a subject concerning which the defendant had raised no issue. On the cross-examination of the defendant by plaintiff he undertook to examine defendant upon the subject particularly with reference to the disintegration or absorption of the roots of such teeth. After the cross-examination had proceeded for a time the court of its own motion stopped the same, saying:

"In the interest of time I am going to stop this baby tooth business; you may have your bill on it, but of my own motion I am going to stop any further examination."

All of appellant's contentions upon this appeal relate to the foregoing ruling and its accompanying remark by the trial court.

[1-3] It is insisted that it deprived appellant of the right of cross-examination. Such right is a valuable one, and it should not be unduly restricted by the court, but it confers no right upon a litigant to examine a witness upon matters which are irrelevant and immaterial. The subject of baby teeth and the disintegration or absorption of the roots thereof as a natural process had no bearing whatever upon the issues in this case. Three witnesses had already been cross-examined by appellant upon the subject, and the trial court was within its rights in stopping further questioning along that line. Railway Co. v. Pool, 70 Tex. 713, 8 S. W. 535; Jones on Evidence, § 812.

It is suggested that the court should not have stopped the examination because, without objection, three other witnesses had been cross-examined by plaintiff upon the subject, but there is no reason why such indulgence would confer the right to further examine upon the same irrelevant and immaterial matter. Brand v. Longstreet, 4 N. J. Law, 325.

[4] Nor can we see anything improper, under the circumstances, in the remark made by the court in making its ruling. He was simply stating the reason for the ruling, and this he may properly do. 5 Jones on Evidence, § 815.

It is further urged that the action and remark of the court prejudiced appellant before the jury, as shown by the affidavit of one of the jurors attached to the motion for new trial, to the effect that—

"He heard the court say, 'I am going to stop this baby tooth business,' and, further, 'of my own motion I am going to stop any further examination.'

"Affiant states further that the remarks of the court, the attitude of the court, and the voluntary ruling of the court influenced affiant in his decision contrary to affiant's own views, which up to that time had been favorable to plaintiff."

The ruling and remark of the court was proper, and there is no reason why the juror should have been influenced thereby.

The authorities cited by appellant in support of his various contentions have been examined. They are regarded as inapplicable to the facts here presented. Finding no error, the judgment is affirmed.