## COMMERCIAL STANDARD INS. CO. v. WALLS et al.

### No. 2763.

Court of Civil Appeals of Texas. El Paso.

Dec. 22, 1932.

Rehearing Denied Jan. 19, 1933.

Touchstone, Wight, Gormley & Price, of Dallas, for plaintiff in error.

Lea, McGrady & Edwards, of El Paso, on rehearing only, and Louis Wilson, of Dallas, for defendant in error.

HIGGINS, J.

This is an action by defendant in error against the plaintiff in error to set aside an award of the Industrial Accident Board. He recovered judgment awarding a lump-sum settlement upon findings of total and permanent incapacity. The parties will be designated as they were in the trial court.

The issue as to whether plaintiff's injuries resulted in total and permanent disability was the sharply contested issue in the case. To sustain his contention that he was so incapacitated the plaintiff relied upon the testimony of Dr. John F. Ford. W. P. Bondies was a representative of defendant.

While Dr. Ford was being cross-examined, he was asked if he did not meet Mr. Bondies on the street last year and say to him: "I am starving to death, if you people don't get some business for me I am going on the other side of the fence and testify and ruin you."

Dr. Ford denied making such statement. Later Bondies was placed upon the stand and testified that Dr. Ford had made a statement to him to the effect as quoted above.

Upon cross-examination counsel for plaintiff asked Bondies this question: "Q. Mr. Bondies, why have you suddenly turned on Dr. Ford when you have heretofore used him to testify for the Company wherever he had patients? To which the witness answered: "A. He was found guilty in this Court House of malpractice, there is the charge right there if you want the jury to see it, signed by Judge

Works and by Mr. Rochella as foreman; of course we couldn't use a doctor like that when they found that doctor operated wrong on a woman—shall I read it."

Later in the day the following occurred:

"The Court: Gentlemen of the Jury, I want you to listen carefully, a matter occurred this morning that should not have occurred in this law suit. Mr. Reporter, I wish you would read the question and answer referred to."

(Here follows question and answer as quoted above.)

"The Court: Now, Gentlemen of the Jury, you are instructed to disregard every single solitary word I have had read to you because there is no such thing as finding a man guilty of malpractice in the civil courts, if he is found guilty of such a thing as that it is in the criminal court and not the civil court. He was not found guilty of any malpractice in either of the civil courts of this County nor has he been found guilty in the Criminal Courts. There was a suit, a damage suit pending in Judge Works' Court; they sued him for damages and a judgment was rendered against him for $400.00; he appealed it to the Civil Court of Appeals and it was reversed and sent back and has never been tried since. Mr. Bondies should not have made that statement to you gentlemen, this morning and you should disregard every word. It may be reversible error but I am going to do all I can to tell you to disregard it entirely.

"Mr. Strasburger: To which action and remarks of the Court we except.

"The Court: I am doing it of my own accord.

"Mr. Strasburger: We would like to offer in evidence the original papers themselves, they speak for themselves.

"The Court: I am not going to let in a word of it, anything about that law suit, it has no business in it at all.

"Mr. Strasburger: We would like to offer in evidence the opinion of the Court of Civil Appeals.

"The Court: No sir.

"Mr. Strasburger: Can we show why it was reversed?

"The Court: You are not going to show anything about it, your witness should not have told it; if you had not been a lawyer I could see some reason in it.

"Mr. Strasburger: The defendant excepts to the remark of the Court.

"The Court: Go ahead and stay off that subject."

The alleged malpractice case is Ford v. Couch (Tex. Civ. App.) 16 S.W.(2d) 869.

Error is assigned to the rulings and remarks of the court reflected by the foregoing statement.

The answer of the witness was responsive to the question propounded and, if the answer was believed by the jury, tended strongly to impeach the testimony of plaintiff's medical expert on the issues of total and permanent incapacity. Its effect was calculated to be most damaging to the plaintiff's case. The action of the court most likely nullified the damaging effect of the testimony of Bondies and if the court erred in the matter complained of, it necessitates reversal.

It may be conceded Bondies misinterpreted the legal effect of the proceedings in Couch against Dr. Ford, and in that sense his answer was untrue. But it was incumbent upon plaintiff to so show. It was not the province of the court to investigate the facts in Couch against Ford and in effect by instructions to the jury he became a witness for plaintiff upon an issue which vitally impeached Dr. Ford's testimony in the present case.

The remarks of the court constituted a comment upon the weight of the evidence, were prejudicial, and reversible error. Texas, etc., Ins. Ass'n v. Adcock (Tex. Civ. App.) 27 S.W.(2d) 363; Kelly Salvage Co. v. Neel (Tex. Civ. App.) 262 S. W. 189.

Complaint is made of argument of counsel to the jury wherein he said: "There are one or two things where you can give a lump sum settlement, that is in case of death or in case of total permanent disability we can get a lump sum but on no other theory on earth except where there is a foreign beneficiary, that is some kin that lives in another State. If you don't find total permanent disability with him living, there is no chance for him to get a lump sum settlement but I say the testimony is unimpeached and uncontroverted, in fact, there is no conflict and it is just up to you to say, that is all. I think I know how you will answer that question."

The effect of this argument was to inform the jury that a lump-sum settlement could not be awarded unless it was also found plaintiff was totally and permanently disabled, thus informing the jury of the legal effect of their answers to the issues of total and permanent incapacity.

Under recent rulings of the Supreme Court and Commissions of Appeals, such argument is improper and reversible error, unless it affirmatively appears no prejudice resulted. McFaddin v. Hebert, 118 Tex. 314, 15 S.W. (2d) 213; West Texas Utilities Co. v. Renner, (Tex. Com. App.) 53 S.W.(2d) 451.

In these and other cases the Supreme Court and Commission of Appeals have plainly indicated their attitude towards improper argument of counsel and it is the imperative

duty of the Courts of Civil Appeals to follow their rulings.

The objection to the use of the phrase "will be permanent," in issue No. 6, we think is not well founded; but upon retrial it is suggested the present objection be avoided.

The sixth proposition questions the sufficiency of the evidence to support the findings upon the issues of total 'and permanent incapacity. This is overruled. In view of retrial the evidence upon these issues will not be discussed.

 The matter referred to in the second proposition should not recur, but in this connection we desire to say that the trial court has authority to curb and end an abuse of the right of cross-examination. Mena v. Byers (Tex. Civ. App.) 237 S. W. 330.

Reversed and remanded.