## GREAT AMERICAN INDEMNITY CO. v. RUSSELL et al.

### No. 2874.

Court of Civil Appeals of Texas. El Paso. Sept. 21, 1933.

Rehearing Denied Oct. 12, 1933.

Collins, Jackson & Snodgrass, of San Angelo and W. C. Jackson, of Fort Stockton, for appellant.

White & Yarborough, of Dallas, and Hart Johnson, of Fort Stockton, for appellees.

PELPHREY, Chief Justice.

This suit is one for workmen's compensation, and resulted in a judgment in favor of appellee for compensation for 401 weeks at $9.69 per week.

The three questions presented on this appeal relate to the instructions given by the trial court.

The portions of the charge objected to read:

(1) "You are instructed that while you are deliberating upon your answers to the special issues submitted to you, you will not mention nor refer to, nor take into consideration, any matter, fact or circumstances, other than the evidence that has been introduced upon the trial of this cause, all of which I particularly instruct you to observe and obey."

(2) "Special Issue No. 6. Do you find from a preponderance of the evidence that said total incapacity, if any, sustained by plaintiff, E. W. Russell, on or about the 20th day of June, 1932, will be permanent? "

And (3) "This case is submitted to you upon special issues which you will answer from a preponderance of the evidence, that is, the greater weight and degree of credible testimony before you without regard to the effect your answers will have on the judgment in this case."

The objection urged to the second portion was that it was on the weight of the evidence, and, as worded, led the jury to believe that the court was of the opinion that the incapacity inquired about in fact existed at the time of the submission of the issue.

The objection is, we think, well founded. The injury occurred about June 20, 1932; the cause was tried in January, 1933; and there is a sharp conflict as to the extent and duration of the injury to appellee.

Under these circumstances, it was clearly error for the court to submit an issue which assumed that the total incapacity existed at the time of trial. It appears that the only thing inquired about in the issue was the condition of appellee after the date of trial.

thereby necessarily assuming that total incapacity existed at that time.

Appellee, among other cases, cites us to Commercial Standard Ins. Co. v. Walls (Tex. Civ. App.) 56 S.W.(2d) 244, as authority for the correctness of such an issue.

The decision in that case did not depend upon the correctness of the issue attacked; the judgment having been reversed on other grounds. Under the facts here, we have concluded that the submission of the issue in the form complained of calls for a reversal of the judgment.

The remaining objections are without merit, and are overruled.

The judgment of the trial court is reversed, and the cause remanded.