J. H. ROGERS, Appellant,

v.

J. I. CASE COMPANY et al., Appellees.

No. 3203.

Court of Civil Appeals of Texas.

Waco.

Oct. 6, 1954.

Rehearing Denied Nov. 18, 1954.

Magus F. Smith, McAllen, W. H. Wren, Hamilton, for appellant.

Carrington, Gowan, Johnson & Walker, John L. Hauer, Dallas, Truman Roberts, Hico, for appellees.

## McDONALD, Chief Justice.

This suit arose from the purchase of a hay baler by J. H. Rogers from Smith and Jones, dealers in farm implements. Rogers was dissatisfied with the hay baler and as plaintiff, sued both Smith and Jones, the dealers, and J. I. Case Company, the manufacturer, as defendants, for the purchase price of the baler, plus special damages. Rogers alleged that the baler was of no value whatsoever as a hay baler and further that the defendants, acting through Smith and Jones, had warranted verbally and in writing that the hay baler would, among other things, operate satisfactorily, and with dispatch perform all services for which it was built.

In making the purchase Rogers executed an instrument denominated a "Customer's Machinery and Implement Order". This instrument was addressed to Smith and Jones and was signed and accepted by them. The instrument placed order for the hay baler at the agreed price, and further pertinent portions are quoted as follows:

"The undersigned hereby acknowledge receipt of a copy of *this order, which together with the regular warranty on the back thereof is understood to be the entire contract between us.*" * * * "All Case products are sold subject to the *following express Warranty and none other*" * * * "If properly set up, adjusted, and operated by competent persons, to be capable under ordinary conditions of doing the work for which it is designed." "If upon operation by the purchaser in the manner aforesaid for 2 days any Case machine shall fail to fulfill such warranty, *written notice thereof shall be given at once to the dealer from whom same was purchased. If the dealer does not remedy the defect within 2 days after notification, then immediate written notice of the defect * * * shall be given by registered letter to J. I. Case Company."* * * * *"Failure to give notice, or the use of the machine after the 2 day limit of aforesaid shall be conclusive evidence of due fulfillment of the warranty."*

The hay baler was delivered to Rogers between May 5 and 10, 1952. Rogers used it for 4 or 5 days and then took it back to Smith and Jones, complaining that it did not operate properly. Thereafter for some 10 weeks mechanics of both Smith and Jones and J. I. Case Company worked on the baler some 22 different times. Thereafter Rogers agreed with Smith and Jones that they might work on the baler again, and that it would be then tested by demonstration by a custom baler at a place called Aleman. There is some dispute as to whether the baler worked completely satisfactorily at the Aleman demonstration, but it worked some better than it had worked before. The baler was returned to Smith and Jones Machinery yard after the demonstration. Three or four days after the demonstration, in early August, Rogers picked up the baler from Smith and Jones' yard and used it and baled hay with it for customers for the balance of August and all of September. During this 6 or 7 weeks period, during which time Rogers was using the baler, he never requested Smith and Jones to send a mechanic, nor complained of the performance of the baler in any manner. During this period he bought twine and needles for the baler from Smith and Jones and paid cash for them. During this period Rogers, by his own testimony, baled 3082 and 3120 bales of hay for customers at 25¢ to 30¢ per bale. During the entire 1952 season Rogers baled between 10,000 and 12,000 bales of hay with the

baler at from 25¢ to 30¢ per bale. Thereafter, and after the close of the hay baling season, Rogers filed this suit.

At no time did Rogers give the written notice to either Smith and Jones or J. I. Case Company, as required by the written warranty, within 2 days after the machine failed to fulfill the warranty.

Trial was before a jury and after Rogers had closed his case the Trial Court peremptorily instructed the jury to return a verdict for defendants on the ground that the undisputed evidence showed that the written notice provided for in the contract between the parties had not been given and that Rogers had used the baler for 4½ months after the expiration of the time limit for giving said notice.

Judgment was entered for defendants on the verdict and Rogers appeals to this court contending that the Trial Court erred in giving defendants an instructed verdict, even though the 2 days notice feature of the warranty was not complied with by the plaintiff, because all defendants knew of the failure of the baler to operate satisfactorily, and that the pleadings and evidence in the case could warrant a jury to find that defendants had waived their right to the notice of defects in writing within 2 days after occurrence.

■ The only contract in the case at bar is the contract between Rogers and Smith and Jones and is embodied in the "Customer's Machinery and Implement Order", pertinent portions of which are hereinabove set out. That contract contains a merger clause, viz.: *"This order together with the regular warranty on the back thereof is the entire contract between us."* A merger clause is a valid contractual provision, hence it makes no difference what promises or warranties were made by any of the defendants orally. The only warranties and agreements which are binding are merged into and are contained in the "Customer's Machinery and Implement Order". A "merger clause" is not simply evidence that the parties had no understandings or agreements outside of the writing. It is a *contract* to that effect. See: Super-Cold Southwest Co. v. Elkins, 140 Tex. 48, 166 S.W.2d 97; Distributors Inv. Co. v. Patton, 130 Tex. 449, 110 S.W.2d 47; Southern Gas & Gasoline Engine Co. v. Richolson, Tex.Com.App., 216 S.W. 158.

We now examine the written contract of the parties to see *exactly* what the warranty was which was therein contained. The warranty was that the machine would do the work for which it was designed— and that if upon operation by the purchaser for 2 days the machine fails to fulfill such warranty, *"written notice thereof shall be given at once to the dealer * * * If the dealer does not remedy the defect within 2 days * * * then immediate written notice * * * shall be given by registered letter to J. I. Case Company. Failure to give notice or the use of the machine after the 2 day limit aforesaid shall be conclusive evidence of due fulfillment of the warranty."*

■ The evidence is undisputed that Rogers gave no written notice to either defendant, within the 2 day period prescribed or at any time thereafter. The evidence is further undisputed that Rogers used the baler 4½ months baling 10,000 to 12,000 bales of hay. Rogers in his pleadings plead no waiver of the 2 days notice provision of the agreement. He wholly failed to prove any waiver thereof. The only contended proof of same is that mechanics of J. I. Case worked on the baler. It was never shown by Rogers what, if any, authority the mechanics had to waive any provision of the contract; further, the defendants showed that the mechanics were called in keeping with Smith and Jones' dealership contract with Case Company whereby Smith and Jones could call on Case Company to furnish mechanics to service machinery sold by them. In any event there could exist no waiver after early August 1952, at which time Rogers picked up the baler and used it for 6 or 7 weeks after the Aleman demonstration, and baled over 3000 bales of hay, and during which period reg-

istered no complaint or dissatisfaction at the performance of the baler.

The law is well settled that a contract of sale and warranty of machinery, providing that after test for a specified number of days that notice of defects must be given in writing as a condition to the warranty, and that failure to give the notice in writing as prescribed shall be conclusive evidence of fulfillment of the warranty—is a valid contractual provision and will be enforced by the courts. Stark v. George, Tex.Com.App., 252 S.W. 1053; Shearer v. Gaar Scott & Co., 41 Tex.Civ. App. 39, 90 S.W. 684, W/E Refused; Swift v. Roach, Tex.Cr.App., 266 S.W. 846.

It follows that all of appellant Rogers' points are overruled, and the judgment of the Trial Court is affirmed.