Howard W. KUSHNER, Appellant,

v.

Carole Jean RUSH, Appellee.

No. 13684.

Court of Civil Appeals of Texas.

Houston.

June 15, 1961.

Rehearing Denied July 6, 1961.

Herbert Finkelstein, Houston, for appellant.

Sonfield & Sonfield, Robert L. Sonfield, Nat Friedman, Houston, for appellee.

BELL, Chief Justice.

This is a divorce case.

The case was initiated by a suit filed by appellant seeking to have the court declare a divorce granted to appellee in the State of Nevada to be invalid. The basis of the claim of invalidity was that appellee was not a resident or inhabitant of the State of Nevada but she was at all times an inhabitant of the State of Texas and had gone to Nevada purely for the purpose of obtaining a divorce and without any intention of in fact becoming an inhabitant of that State. Appellee filed a contest to such action, setting up the validity of such judgment of divorce and subject to the court's holding such judgment invalid filed a cross-action asking for a divorce.

On March 29, 1960, the trial court sustained appellant's motion to sever the issue as to the validity of the Nevada judgment from the trial of appellee's cross-action for divorce, and on the same day rendered judgment declaring the judgment for divorce granted appellee in Nevada to be void. No appeal was taken from such judgment.

Immediately following the rendition of such judgment the court proceeded to hearing, before a jury, of the cross-action for divorce. The jury in response to special issues found that appellant had been guilty of such cruel treatment of appellee as to render their living together as husband and wife insupportable. Too, the jury found appellee had been a bona fide inhabitant of Texas for one year immediately preceding the filing of the cross-action. The jury also found a reasonable attorney's fee to be $1,000. The court rendered judgment on the verdict granting appellee a divorce and awarding attorney's fees of $1,000.

Appellant has two Points of Error:

1. The court erred in refusing to allow appellant to impeach appellee by showing her testimony given in the Nevada divorce proceeding in which she testified in substance that she came to Nevada intending to permanently reside there and was then residing there and intended to permanently reside in Nevada.

2. The court erred in not allowing appellant to question appellee's attorney who

was testifying to the amount of work he had done on the case and what would be a reasonable attorney's fee, concerning the amount of work he had done on the phase of the case dealing with the declaratory judgment as distinguished from the cross-action for divorce. He also takes the position the attorney's fee is excessive by $500.

The testimony as to appellee's residence comes from her. She was 22 years old and had lived in Texas all her life. For about three weeks during March and April, 1959, she went to Arkansas. She did not remain continuously for such time, but altogether was there such length of time. This period followed shortly after she was forced, because of her husband's conduct, to separate from him. She consulted a lawyer and paid him a $100 fee. He filed a suit for divorce and in the petition alleged she had resided in Arkansas 60 days. She did not authorize such statement. She signed none of the pleadings. She never intended to reside in Arkansas. This suit was subsequently dismissed. In May and June, 1959, she was in Nevada. At all times she intended to be a resident of Harris County, Texas.

Appellant contends that it was permissible for him to prove her testimony in the Nevada divorce proceeding where she testified she resided in Nevada because this was inconsistent with her testimony on trial that she at all times had her residence in Texas. It was offered as impeachment testimony.

Of course, the general rule is that prior inconsistent statements made by a witness may be used to impeach such witness on a matter that is material to an issue on trial. However, such may not be used to impeach a witness on a collateral and thus immaterial matter.

We have concluded that under the facts of this case, it was not error to exclude such testimony.

■ In the first place, at the instance of appellant, it had been judicially declared that the decree of divorce in Nevada was void because appellee was not in fact a resident of Nevada. While we recognize that, abstractly considered, a declaration that a person was not a resident of Nevada was not necessarily a declaration that such person was a resident of Texas, as applied to the facts of this case the effect of the court's decree declaring that the Nevada divorce was void was that appellee was not a resident of Nevada, because she was a resident of Texas. This is true because the sole ground of appellant's action, as shown by his pleading, was that appellee was not a resident of Nevada because she was a resident of Texas. While we are aware that because of the testimony of appellee's presence in Arkansas and her conduct, there was raised an issue concerning her residence in Texas, her presence in Nevada had by the above decree been rendered immaterial on the issue of her Texas residence. To allow the impeaching testimony would have allowed impeachment on a purely collateral matter. The effect of allowing the impeaching testimony would be merely to show that since appellee "storied" one time she would do so again. This is not a proper method of impeachment where the prior story is on a collateral issue.

■ In the second place, we are of the view appellant was in no position to refute the judicial admission made by him in his petition seeking to avoid the Nevada divorce judgment. In this very same suit he unequivocally, without any reservation by way of any alternative pleading or inconsistency, pleads that at the time of appellee's sojourn in Nevada she had her permanent residence and domicile in Harris County; that she went to Nevada only for the purpose of obtaining a divorce and she did not and never intended to permanently reside in or acquire a domicile in Nevada. He now seeks to use her testimony to the contrary to reflect upon her credit. This he may not do.

Appellee has filed a remittitur of $500 in connection with the judgment for attorney's

fees. This meets appellant's other objection, made here.

The judgment of the Trial Court will be reformed so as to render judgment for attorney's fees in the amount of $500 instead of $1,000 and, as reformed, the judgment of the Trial Court is affirmed.