Lucille MERRIFIELD et vir, Appellants,

v.

Robert L. SEYFERTH et ux., Appellees.

No. 16792.

Court of Civil Appeals of Texas.

Dallas.

Oct. 14, 1966.

Rehearing Denied Nov. 4, 1966.

Thompson, Knight, Simmons & Bullion, and Timothy E. Kelley and Geo. C. Chapman, Dallas, for appellants.

Waldie, McDowell & Colvin, Ronald R. Waldie, Dallas, for appellees.

BATEMAN, Justice.

The appellees Robert L. Seyferth and wife recovered judgment against the appellants Lucille Merrifield and her husband, George T. Merrifield, in the sum of $7,500 for personal injuries sustained by Mrs. Seyferth in an automobile collision. The jury's findings as to Mrs. Merrifield's negligence and proximate cause are not attacked; neither do appellants attack the

finding of damages as being excessive. However, by their first two points of error they complain of restrictions placed by the trial court on their cross-examination of appellees' medical witness.

■ In this cross-examination appellants' counsel sought to show that the witness was prejudiced against him personally by reason of the following facts:

Two or three years previously the doctor had been sued for damages on account of alleged malpractice. His liability insurer had employed appellants' counsel to defend the suit. The doctor had employed appellees' counsel to represent him in view of an *ad damnum* in excess of policy limits. After investigation appellants' counsel recommended to the insurer that the case be settled for the limits of the policy. This was done, and the insurance company then cancelled the doctor's insurance. The doctor testified (out of the hearing of the jury, while the bill of exceptions was being perfected) that, while he resented the cancellation of his insurance, he held no resentment against appellants' counsel and did not resent the fact that the case had been settled on that basis. The trial court rejected the testimony on the ground that it was irrelevant.

Appellants' counsel continued with his cross-examination, in the course of which it appeared that the doctor had not brought his original records on Mrs. Seyferth to the courtroom. He promised to send them the next morning. He sent certain records which appellants' counsel had an opportunity to examine but to which he raised no objection until after the unfavorable verdict, whereupon he sought to take the doctor's oral deposition, and had subpoena duces tecum issued to him, in the hope of proving that the original records had not been sent and that the original records "might" reflect either that the doctor had not treated Mrs. Seyferth as extensively as he had testified or that she had had subsequent accidents, and that this would constitute newly discovered evidence. By their third point

of error on appeal the appellants complain of the order quashing the subpoena duces tecum.

■ The burden of the first three points of error is that appellants were improperly deprived of the opportunity to show bias, interest and prejudice on the part of this medical witness. We find no merit in these points. Although wide latitude is allowed a party to cross-examine an adverse witness in order to show interest, bias, or prejudice to affect his credibility, and the only limitation is that of relevancy, McCormick & Ray, Texas Law of Evidence, § 600, pp. 467–8, this valuable right is subject to that limitation and "confers no right upon a litigant to examine a witness upon matters which are irrelevant and immaterial." Mena v. Byers, Tex.Civ.App., 237 S.W. 330.

In our opinion, the tendered testimony was not relevant to any issue in the case and there was no error in excluding it. Moreover, it does not appear from the record that any harm probably resulted to appellants by the exclusion of this testimony. Rule 434, Texas Rules of Civil Procedure.

■ It should also be added that the trial court has a great deal of discretion in determining to what extent such cross-examination may be prolonged. Horton v. Houston & T.C. Ry. Co., 46 Tex.Civ.App. 639, 103 S.W. 467, 469, wr. ref.; St. Louis & S.F. Ry. Co. v. Clifford, Tex.Civ.App., 148 S.W. 1163, wr. ref.; Traders & General Ins. Co. v. Robinson, Tex.Civ.App., 222 S.W.2d 266, wr. ref. The record reflects no abuse of the trial court's discretion. He gave appellants every reasonable opportunity to develop bias or prejudice on the part of the witness; and when they failed to do so he very properly put a stop to the cross-examination.

Therefore, the first two points of error are overruled.

■ Appellants' third point is likewise without merit. The trial of the case had been completed and final judgment ren-

dered more than two months prior to the quashing of the subpoena duces tecum, and no showing whatever is made of any newly discovered evidence. The mere suspicion or hope or belief of an attorney that an oral deposition "might" uncover some helpful evidence is not sufficient.

■ To obtain a new trial on the ground that "newly discovered evidence" was available, it was necessary for appellants to show that the evidence was unknown to them or their attorney prior to the trial, and that their failure to discover it was not due to their want of diligence; also, that the new evidence was so material as that it would probably change the result upon another trial, and that it was competent evidence, not merely cumulative, corroborative, collateral, or impeaching. 41 Tex.Jur.2d, New Trial, § 105, p. 253. Appellants failed to show any of these things. Their attorney knew as much about the doctor's records before he rested his case as he did after the verdict. If he had desired to go into the matter of comparing the records furnished by the doctor with other records he might have in his office, this should have been attempted during the course of the trial and before resting. He could have recalled the doctor for further cross-examination, compelling him to bring all of his records into the courtroom, but elected not to do so until after the unfavorable verdict had been returned. It was then too late. Moreover, new trials are rarely granted on the basis of newly discovered evidence which purports to accomplish no more than the impeachment of a witness who has testified. Safety Cas. Co. v. Bennett, Tex.Civ.App., 259 S.W.2d 596, 598, no wr. hist. The third point is overruled.

By their fourth point of error appellants complain of the trial court's refusal to permit them to develop the facts regarding hospital insurance applicable to Mrs. Seyferth's case after she had testified that she could not afford to go to the hospital as recommended by her doctor.

Mrs. Seyferth's doctor testified that he recommended that she be hospitalized but that she had stated that "for financial reasons" she was unable to do so. She testified that he had recommended hospitalization for her but that she did not go to the hospital because she "didn't have the money," and, later, that if she had had the money she would have gone to the hospital as recommended by her doctor.

This testimony as to Mrs. Seyferth's lack of funds was not relevant; it bore on no issue in the case. The subject of inquiry was Mrs. Seyferth's physical condition, not the condition of her finances. Of course, if appellants had taken the position that her disability, pain and suffering were due, at least to some extent, to her own neglect of her body; i. e., in failing to follow her physician's advice to enter a hospital, then it might have been pertinent for her to explain that apparent wilfulness by proving her financial inability to avail herself of hospital care. But in the absence of some such provocation the testimony could hardly have had any purpose except to excite jury sympathy for her impoverished condition. Yet, appellants did not object to it on that or any other ground and did not request an instruction that the jury not consider it.

Instead, appellants endeavored to impeach the testimony by showing that Robert Seyferth had insurance coverage with his employer, Texas Instruments, which would have paid the cost of her hospitalization or at least a substantial portion thereof. Objection was made that this had "no material bearing in this case," which objection was sustained. Counsel for appellants sought to perfect his bill of exceptions by continued cross-examination of Mrs. Seyferth out of the presence and hearing of the jury. Failing in this, he proved by the appellant Lucille Merrifield that she was employed at "TI" and was familiar with the benefits of a hospitalization insurance plan "they have out at TI," which covered dependents. When asked how much that plan would pay for the spouse of an employee who would

enter a hospital for treatment for sickness or illness after October 10, 1964 (date of the accident), she said it would pay the cost of a semi-private room and up to $300 "in extras" (x-rays and laboratory tests) and also pay for surgery according to a schedule. This testimony was tendered for the limited purpose of impeaching Mrs. Seyferth's testimony that she had not entered a hospital because of a lack of funds. Appellees then made the additional objection that it had not been "shown through any witness that any such plan was carried by Robert Seyferth at the time of this accident." This objection was also sustained.

We think the trial court correctly sustained both of appellees' objections to the proffered testimony. In the first place, the general rule is that a witness may not be impeached, where the testimony sought to be contradicted was immaterial or collateral to the issues being tried, by contrary evidence which is likewise collateral. Orchin v. Fort Worth Poultry & Egg Co., Tex.Civ.App., 43 S.W.2d 308, 311; Kushner v. Rush, Tex.Civ.App., 347 S.W.2d 787, wr.dism., and many other cases collected in Texas Digest Witnesses, Key No. 383. The test is: Was the original testimony as to Mrs. Seyferth's lack of money admissible? Attorney-General v. Hitchcock (1847), 1 Exch. 99; McCormick & Ray, Texas Law of Evidence, Vol. 1, §§ 683, 690, pp. 526, 535; 58 Am.Jur., Witnesses, §§ 783–786, pp. 432–435. We can think of no theory on which it would have been admissible.

In the second place, error is not shown in the exclusion of evidence unless the appellant brings before the appellate court a record that shows clearly, by bill of exceptions or otherwise, not only what the evidence would have been if admitted but also its relevancy. Here it was shown by bill of exceptions that "TI" had, on the date of the accident in question, a plan of hospitalization insurance which provided substantial hospital services to dependents of employees. Even though we interpret the initials "TI" to mean Texas Instruments,

a corporation having a large factory near Dallas, there was no evidence that either of appellees was an employee of Texas Instruments at the time of the accident or covered by the insurance "plan." The policy of insurance was not made a part of the bill of exceptions, nor was there any evidence that all employees of Texas Instruments were covered thereby. Unless appellants were in position to show the relevance of the rejected testimony, they present nothing for review by this court. 3 Tex.Jur.2d, Appeal and Error—Civil, §§ 416, 417, pp. 670–673. We therefore overrule appellants' fourth point of error.

No reversible error having been shown, we affirm the judgment.

Affirmed.