**MORRISON SUPPLY COMPANY,**
Appellant,

v.

**M. W. HAMILTON & COMPANY et al.,**
Appellees.

No. 7677.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 30, 1967.

Thorp A. Andrews, Robert C. Carson and Clyde M. Marshall, Jr., Fort Worth, for appellant.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, James M. House, Amarillo, of counsel, for appellees.

CHAPMAN, Justice.

This is a summary judgment case based on the contention in the motion for such judgment that the pleadings on file of plaintiff below, Morrison Supply Company, and the exhibits attached thereto as a part thereof show no genuine issue of fact against either of the defendants-appellees as a matter of law.

Southwestern Bell Telephone Company and James O. Reynolds d/b/a Reynolds Plumbing & Piping Company were original defendants along with M. W. Hamilton &

Company and Hartford Accident & Indemnity Company. The suit was severed and docketed separately as to the first two named defendants, who are not appellees here.

On July 21, 1964, Southwestern Bell Telephone Company, owners of Lots 8, 9 and 10, Block No. 138, Plemons Addition to the City of Amarillo, Potter County, Texas, entered into a construction contract with M. W. Hamilton & Company for the construction of a district office building on the named property. On the same day the construction company executed its performance and payment bond as principal, with Hartford Accident & Indemnity Company, as surety. It was agreed in the written contract that Hamilton would subcontract with James O. Reynolds d/b/a Reynolds Plumbing & Piping Company for the plumbing, heating, ventilating and air-conditioning, with the understanding that such subcontract had been approved by the telephone company.

To shorten this opinion and conform to the abbreviation designations of the parties, Southwestern Bell Telephone Company will be referred to hereafter as Telephone Company; M. W. Hamilton & Company as Hamilton; the bonding company as Hartford; James O. Reynolds d/b/a Reynolds Plumbing & Piping Company as Reynolds; and Morrison Supply Company as Morrison or appellant.

On August 13, 1964, under the requirement of Article 5472d, Vernon's Ann. Texas Revised Civil Statutes, the contract and bond mentioned were filed for record with the county clerk of Potter County. On December 2, 1964, appellant, Morrison, sold some pipe, material and plumbing supplies to Reynolds for its part of the construction work in the building, which Morrison alleged totaled $7,537.69. It is for these materials Morrison seeks payment from Hamilton and Hartford.

On February 25, 1965, and April 8, 1965, Morrison for the first time notified Hamilton and Telephone Company respectively that Reynolds had not paid for the named materials. On the same date he notified Telephone Company; i. e., April 8, 1965, appellant filed an affidavit with the county clerk of Potter County claiming a lien on the building and land involved in the construction contract.

The only question before us is whether Morrison's pleadings and the exhibits attached as part thereof raise a material fact issue, which, if found in its favor would entitle it to recover payment for the materials from Hamilton and Hartford.

The mechanic's and material men's lien laws applicable to this case may be found in Articles 5452, 5453 and 5472d, Chapter 382, S.B. 107, Page 863, titled "General and Special Laws of Texas 57th Legislature Regular Session 1961, First and Second Call Sessions 1961, and Volume 16 Vernon's Ann. Texas Civil Statutes, Annotated at this writing in 1966 Cumulative Annual Pocket Part," titled "Mechanics, Contractors and Material Men." Article 5453, titled "Securing Lien" gives the requirements for perfecting a claim. Section 2 thereof provides the claim shall not be valid unless the claimant has complied with the applicable notice requirements thereafter set out, if such claimant is other than an original contractor, and that such notices shall be conditions precedent to the validity of such claims.

Subsection (1) under Section 2b provides if the claim consists of a lien claim arising from a subcontractor incurred debt, written notice by the claimant of the unpaid balance of such claim shall be made to the original subcontractor not later than 36 days after the 10th day of the month next following each month in which claimant's material was delivered, except the instances of retainages provided in 2b " * * * for which notices have been given in accordance with the preceding subparagraph," which is 2a of Article 5453. Such notices are required to be sent " * * * by certified or registered mail addressed to the owner, and where required by this article, to the orig-

inal contractor, at their last known business or residence address."

Hamilton and Hartford executed a payment bond as principal and surety respectively to protect Telephone Company's lots from claims for labor or materials, as specified in Article 5472d. An examination of that article shows Morrison was required to give the same notices required in Article 5453. Section 1 thereof provides that where a written contract exists between the owner and original contractor and the contractor has furnished a bond in favor of the owner in a penal sum of not less than the total of the contract amount executed by the original contractor as principal, and a corporate surety (as here) conditioned for the prompt payment of materials, approved by the owner and filed in the office of the county clerk, such payment bond shall innure solely to all claimants either giving and filing *the applicable notices and claims under Article 5453,* or making claims provided for in Paragraph 4 of Article 5472d. (Emphasis added).

Section 4a provides for giving the original contractor all applicable notices of claims required by Article 5453, or to the corporate surety in lieu thereof.

■ It may thus be seen that both Articles 5453 and 5472d required that if Morrison furnished materials to anyone other than Hamilton, written notice in the manner provided must have been given to Hamilton (the original contractor) not later than 36 days after the 10th day of the month next following the month in which the materials were delivered. Since Morrison's pleadings allege they were sold and delivered on December 2, 1964, to Reynolds, Morrison's last day for giving notice to Hamilton was February 15, 1965, 36 days after January 10, 1965. Since such notice was not given until February 25, 1965, it was 10 days too late if Reynolds was a subcontractor of Hamilton under the pleadings and exhibits forming a part of Morrison's pleadings.

Appellant contends its pleadings raise a genuine issue of a material fact as to whether Reynolds was something other than a subcontractor; i. e., he was a general contractor of Telephone Company with respect to the plumbing, heating, ventilating and air-conditioning; and that Hamilton was acting as Reynolds' agent in executing the original contract with Telephone Company.

Article 5452, subd. 2, par. f, as amended Acts 1961, 57th Legislature defines a subcontractor as " * * * any person or persons, firm or corporation who has furnished labor or materials or both as defined above to fulfill an obligation to an original contractor or to a subcontractor to perform all or part of the work required by an original contract."

Appellant's exhibit attached as part of its pleadings recites the construction contract is between Telephone Company and Hamilton as contractor. The contract form appears to be "The American Institute of Architects Standard Form Of Agreement Between Owner And Contractor" and is divided into articles covering different subjects in the contract.

Article 1, titled "Scope of the Work" requires the contractor to furnish all the materials and perform all the work shown on the drawings and described in the specifications.

Article 3 requires Telephone Company to pay Hamilton for performance of the contract and then recites the sum of $868,411.-83, which was the total amount of the construction. The drawings and specifications mentioned included the work done by Reynolds.

Article 7 made provisions for Hamilton to subcontract with two subcontractors, naming Reynolds as Base Bid No. 2 and the amount thereof, and an electrical company with the amount of its bid.

A separate part of the contract called "The General Conditions Of The Contract" in Article 1c) defines subcontractor as only

those having direct contract with the contractor and "* * * includes one who furnishes materials worked to a special design according to the Drawings and Specifications" and excludes those who merely furnish material not so worked.

Article 36 of "General Conditions Of The Contract" provides the contractor shall not use a subcontractor to whom the owner or architect have reasonable objections, requires the contractor to be fully responsible to the owner and provides nothing contained in the contract documents "* * * shall create any contractual relation between any subcontractor and the owner."

The second paragraph of Section O of Article 37, "General Conditions Of The Contract," exempts any obligation of the owner to pay or to see to the payment of any sums of money to the subcontractors.

Additionally a letter to Hamilton, Morrison's exhibit constituting part of its original petition, and not amended or in any manner retracted, calls Reynolds Hamilton's subcontractor, and its secretary in the affidavit attached as an exhibit to the pleadings filed with the county clerk states:

> "* * * makes oath and says that the annexed is a true and correct statement of the services rendered and materials furnished James O. Reynolds, d/b/a Reynolds Plumbing & Piping * * * *subcontractor* of M. W. Hamilton & Co. * * * original contractor * * *

> "And affiant makes further oath and says that the original contractor is M. W. Hamilton & Co. and that affiant's principal furnished the services and materials to James O. Reynolds, *sub-contractor* * * *" (Emphasis added).

By such pleadings we hold Morrison judicially admitted Hamilton was the general contractor of Telephone Company and Reynolds was a subcontractor. 24 Tex. Jurs.2d 205, Evidence, Section 630; Kushner v. Rush, 347 S.W.2d 787, 789 (Tex.Civ. App.-Houston, 1961, writ dism'd); Taylor

v. Catalon, 140 Tex. 38, 166 S.W.2d 102 (1942); Gammage v. Weinberg, 355 S.W. 2d 788 (Tex.Civ.App.-Houston, 1962, writ ref'd n. r. e.).

By a supplemental petition filed on the day of the hearing appellant pleaded Reynolds was an original contractor of Telephone Company with respect to its duties and that Hamilton was acting as agent of Reynolds in the execution of the original contract with Telephone Company and executed the bond on behalf of and for the benefit of Reynolds as well as itself.

■ Such contention argues, in effect, that the trial court was bound to hear evidence on the point and construe the contract and bond not shown to be ambiguous. Where such instruments are so worded as to be given certain and definite legal meanings or interpretations they are not ambiguous. Lewis v. East Texas Finance Co., 136 Tex. 149, 146 S.W.2d 977 (1941); Universal C. I. T. Credit Corp. v. Daniel, 150 Tex. 513, 243 S.W.2d 154 (1951).

"This rule obtains even to the extent of prohibiting proof of circumstances surrounding the transaction when the instrument involved, by its terms, plainly and clearly discloses the intention of the parties, or is so worded that it is not fairly susceptible of more than one legal meaning or construction." Lewis v. East Texas Finance Co., supra.

■ The contract and bond being unambiguous with respect to Hamilton being the original contractor and Reynolds the subcontractor for the services he performed toward the construction, "* * * the meaning thereof is determined as a matter of law by the language used therein". Tower Contracting Company v. Flores, 157 Tex. 297, 302 S.W.2d 396 (1957).

■ We also hold that the fact appellant was not a party to the contract did not preclude the parol evidence rule as being applicable to it. Its cause of action asserted against Hamilton and Hartford is

based on the contract and bond. Since Morrison was in such privity with those instruments the parol evidence rule would be applicable to it. Kingsbery v. Phillips Petroleum Company, 315 S.W.2d 561 (Tex. Civ.App.-Austin, 1958, writ ref'd n. r. e.).

Believing no fact issue is shown in the record, the judgment of the trial court is affirmed.