Alphonso RAGLAND, Appellant,

v.

**CURTIS MATHES SALES COMPANY,**
Appellee.

No. 4853.

Court of Civil Appeals of Texas.

Waco.

Oct. 16, 1969.

White, McElroy & White, Dallas, for appellant.

Herndon, Abramson & Schwiff, Dallas, for appellee.

## OPINION

WILSON, Justice.

This appeal is by Ragland from a take-nothing judgment against him on his cross-action against appellee Curtis Mathes Sales Company, all other parties and issues having been finally disposed of.

Ragland negotiated for and obtained a distributor franchise from appellee, Curtis Mathes, on behalf of a corporation which he was to form, and did organize, with him-

self as principal stockholder. The undisputed evidence establishes that a written franchise contract, received in evidence without objection, was executed by this distributor corporation and accepted by appellee. The contract recited its purpose was to set forth the relationship between appellee and the distributor corporation in the sale of home entertainment instruments. It contained 16 paragraphs of detailed agreements concerning that relationship, including such subjects as displays, advertising, shipment and delivery, parts supply, servicing prices, payment, sales promotion, option to purchase instruments, warranties and cancellation, among others. It required the distributor corporation which Ragland formed to provide trained service personnel and adequate service to customers.

The contract provided: "This agreement contains the full agreement between the parties" who agreed "that there are no terms, conditions, representations or understandings except those set forth in this agreement", and that no other agreement, understanding or promise should be binding unless confirmed in writing.

Appellant executed a personal guaranty of payment of accounts by the corporation to appellee.

Appellant pleaded that he and appellee had agreed that he would advance funds for operation of the dealership and appellee would provide proper management; that he did advance money to operate the dealership, but appellee breached the agreement, and committed a tort by failing to provide proper management, and that he had suffered damages in loss of his investment, expenses and loss of earnings.

The court excluded evidence tendered by appellant as to this prior agreement pleaded by him, that appellee would furnish management, on the ground it violated the parol or extrinsic evidence rule. Appellant limited his point on appeal, under Rule 377a, to complaint of this ruling, and that is his point. Unless the evidence is admissible by virtue of one of the exceptions to the parol evidence rule relied on, the court's ruling is correct and judgment should be affirmed. Hubacek v. Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30; Lewis v. East Texas Finance Co., 136 Tex. 149, 146 S.W.2d 977. We affirm.

Appellant urges he should not be bound by the parol or extrinsic evidence rule because he is not a party to the franchise agreement, it being a contract executed by the distributor corporation. We recognize that such an exception to the general exclusionary rule may apply under proper circumstances. See 13 Tex.Jur.2d, Contracts, Sec. 126, p. 297.

■ Appellant was the organizer of the corporation, formed by him to make functional the very written agreement for a franchise which he negotiated. He was principal stockholder of the corporation. He obtained the franchise for that corporation which eventuated in the written contract sought to be added to and varied by parol. The evidence establishes the corporation was his alter ego, that he was a beneficiary of the contract, and in privity with the party executing it to the extent that he may not properly claim to be a stranger. The contention is not tenable. Cannon v. Pearson (Tex.Sup.1964) 383 S.W.2d 565, 570, syl. 6 and authorities cited; Morrison Supply Co. v. M. W. Hamilton & Co., Tex.Civ.App., 411 S.W.2d 790; Kingsberry v. Phillips Petroleum Co., Tex.Civ.App., 315 S.W.2d 561, writ ref. n. r. e.; 4 Williston, Contracts, (3d ed., Jaeger) Sec. 647, p. 1165; 30 Am.Jur.2d, Sec. 1029, p. 164.

■ It is said the contract is not a complete integrated contract on the subject matter of the proffered evidence. This extrinsic evidence would alter the written agreement by engrafting on it a requirement not contained in it. Again we recognize an exception to the general rule, by which extrinsic evidence is admissible where a collateral agreement is not inconsistent with the written contract, provided the factors authorizing admission exist.

See Hubacek v. Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30, 33, syl. 3.

The present written contract recites it is intended to "set forth the relations" of the parties; that it contains their "full agreement" and there are no others. Under these circumstances, the purported agreement which is the subject of the extrinsic evidence is inconsistent with the written contract, and the exception to the rule of exclusion is not available. Inner Shoe Tire Co. v. Williamson, Tex.Civ. App., 240 S.W. 330; Adams v. Bailey Transportation Co., Tex.Civ.App., 334 S. W.2d 591, writ ref. n. r. e.; Inner Shoe Tire Co. v. Treadway, (5 Cir. 1923), 286 F. 838; 32A C.J.S. Evidence § 999, pp. 521, 523.

The parol or extrinsic evidence rule "is particularly applicable where the writing contains a recital that it contains the entire agreement between the parties" and the other recited provisions in the present written agreement. 30 Am.Jur.2d, Evidence, Sec. 1019, p. 155.

In our opinion the court did not err in excluding the evidence. Affirmed.