AUSTIN SHOE STORES, Appellant,

v.

The ELIZABETH COMPANY et al., Appellees.

No. 5542.

Court of Civil Appeals of Texas, Waco.

June 24, 1976.
Rehearing Denied July 22, 1976.

Wynne & Jaffe, James S. Pleasant, Dallas, for appellant.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, Luther W. Ellis, Fort Worth, Green, Gilmore, Crutcher, Rothpletz & Burke, David A. Newsom, Dallas, for appellees.

## OPINION

JAMES, Justice.

This is an appeal from a summary judgment. We reverse and remand.

Plaintiff-Appellant Austin Shoe Stores, Inc., brought this suit against Defendant-Appellees The Elizabeth Company, Inc., Ridgway Management Corporation and I. Boyd Ridgway for reimbursement of rents in the amount of $3089.48 plus reasonable attorneys' fees. All parties filed motions for summary judgment. The trial court entered summary judgment in favor of all three Defendants that Plaintiff take nothing, from which Plaintiff appeals.

Plaintiff's pleadings allege in effect substantially the following: That on or about March 14, 1969, Plaintiff Austin Shoe Stores as tenant, and Defendant I. Boyd Ridgway as owner entered into a written lease agreement calling for a fifteen year lease by Defendant Ridgway to Plaintiff of a portion of a building then owned by Defendant Ridgway. The lease agreement calls for rentals in the amount of $562.00 per month plus an amount equal to the amount that 5% of Plaintiff's monthly gross sales from the building exceeds $562.00. Plaintiff alleges and contends that it was entitled to a rebate (on an annual basis) of rental money paid by virtue of a letter which Defendants Ridgway Management Corp. and I. Boyd Ridgway wrote to Plaintiff about two weeks prior to the execution of the lease agreement. The letter is dated February 28, 1969, addressed to "Mr. Chuck Hockenberry, Austin Shoe Stores," is signed by I. Boyd Ridgway, President of Ridgway Management Corp. and I. Boyd Ridgway individually, the body of which letter is as follows:

"Per our agreement, I hereby promise to reimburse Austin Shoe Stores, a Texas Corporation, on an annual basis, at the rate of five (5) percent of that figure wherein sales in the demised premises in Navarro Mall fail to reach $135,000.00 during any full calendar year.

"This agreement is valid and binding during the primary fifteen (15) year term of the lease between Austin Shoe Stores, a Texas Corporation, and I. Boyd Ridgway."

Plaintiff alleges: that because of an oversight when drafting the lease agreement, the rebate provision was inadvertently left out of the lease agreement; and that it was the intent of the parties to the lease that the letter agreement be read into and become a part of the lease agreement throughout the 15 year term; and that these two documents have been read as one for the calendar years ending December 31, 1969, 1970, 1971 and 1972.

Plaintiff further alleges that subsequent to March 14, 1969, the leased premises were acquired by Mayflower Investment Co. who in turn transferred and conveyed its interest to Defendant The Elizabeth Company; that the validity of the letter agreement was acknowledged by Mayflower during the calendar year during which it was landlord under the lease agreement. In fact, Mayflower Investment Company wrote a letter addressed to "Mr. A. M. Vrla, Austin Shoe Stores" dated November 30, 1970, concerning the subject property, the body of which letter is as follows:

"Consistent with our conversation November 30, I would like to set forth in writing our agreement regarding the $4081.44 owed to your company by Navarro Mall, based on an agreement set forth between Mr. I. Boyd Ridgway and Mr. Chuck Hockenberry with Austin Shoe Stores. It is our mutual agreement that the $4081.44 be credited to the rental account for the Austin Shoe Store location at Navarro Mall, Corsicana, Texas, at the rate of $589.68 per month, until the credit balance mentioned

above is retired. I have informed my Accounting Department of our agreement and this letter is to bring my files up to date. If this agreement is as you had thought, please indicate your approval by signing one copy and returning it to me. Your anticipated cooperation in this matter is most appreciated.

"Yours very truly, MAYFLOWER INVESTMENT COMPANY /s/ Steve Elliott, Assistant Property Manager.

"Accepted: /s/ A.M. Vrla."

Plaintiff further alleges that by letter dated September 19, 1974, Plaintiff notified Defendant Elizabeth Co. that Plaintiff's annual sales in its store for the calendar year 1973 were only $73,483.66 and requested a refund pursuant to the letter agreement in the amount of $3089.48 be made to Plaintiff; that after this and several other demands, Defendant Elizabeth has failed and refused, and still fails and refuses to pay said refund to Plaintiff. Plaintiff sued for the $3089.48 asserted refund due it plus reasonable attorneys' fees and costs.

After all Defendants had answered, Plaintiff filed its Motion for summary judgment for the $3089.48 against all three Defendants, attaching in support of same the affidavits of Charles Hockenberry, executive vice-president of Plaintiff Austin Shoe Stores, and that of Ron Parham, vice-president of Mayflower Investment Company as well as of Fidelity Union Life Ins. Co. Attached as exhibits to such affidavits were: (1) the lease agreement of March 14, 1969, (2) the letter signed by I. Boyd Ridgway to Plaintiff dated February 28, 1969, hereinabove quoted, wherein the rental rebate was promised (hereinafter referred to as the "rebate letter"), and (3) the letter of November 30, 1970, from Mayflower Investment Company to Plaintiff, hereinabove quoted, wherein the Plaintiff's right to rental reimbursement was acknowledged (hereinafter referred to as the "Mayflower letter").

The Hockenberry and Parham affidavits assert substantially the same facts as alleged in Plaintiff's pleadings, with these additional facts contained in Parham's affidavit: that Mayflower Investment Co. was substitute trustee under an assignment of rents dated July 11, 1969, executed by I. Boyd Ridgway and Ridgway Management Corp., as assignors, to Fidelity Union Life Ins. Co., as assignee, by which assignment the subject lease contract was assigned to Fidelity Union; that as such Trustee, Mayflower collected rents under the lease agreement from December 1, 1969, to June 1, 1971, on which last-named date the subject property was conveyed by Trustee's deed to Fidelity Union; that subsequent to said last-named date the rents were collected by Fidelity Union; that on December 21, 1973, the subject property was conveyed to The Elizabeth Co.; that on October 28, 1970, Austin Shoe Stores furnished Mayflower a copy of the rebate letter, and thereafter Mayflower made refunds to Plaintiff on the strength of said letter as long as Mayflower collected the rents; that after Fidelity Union acquired the property, it likewise made refunds on the same basis to Plaintiff. The Parham affidavit went on to assert that he (Parham) negotiated the sale of the subject property to The Elizabeth Co., and that he (Parham) furnished The Elizabeth Co. copies of the lease agreement and the rebate letter, and that these instruments were discussed by Parham and officers of The Elizabeth Co.

As we construe Plaintiff's pleadings, there is contained therein allegations to the effect that the provisions of the rebate letter were left out of the lease agreement by mutual mistake. Moreover, it appears to us that Plaintiff's pleadings allege in substance that the rebate letter was an inducement for Plaintiff's entering into the subsequent lease agreement.

Defendants Ridgway Management Corp. and I. Boyd Ridgway filed nine special exceptions to the Hockenberry and Parham affidavits, all of which were sustained by the trial court as recited in the summary judgment. The net effect of sustaining these special exceptions was to delete from Plaintiff's summary judgment proof all assertions of mutual mistake, inducement, and ratification by the Ridgways, Mayflow-

er and Fidelity Union of the rebate letter for the years 1969, 1970, 1971, and 1972.

With Plaintiff's summary judgment proof in this emasculated condition, Defendants Ridgway Management Corp., I. Boyd Ridgway, and The Elizabeth Co. all filed motions for summary judgment. The trial court entered summary judgment in favor of all three Defendants that Plaintiff take nothing, and in this judgment it is recited that the court sustained all of the Defendants' special exceptions levelled at the affidavits filed by Plaintiff in support of its motion for summary judgment.

Plaintiff appeals, complaining of the trial court's overruling of its motion for summary judgment and granting the Defendants' motions for summary judgment. We hold that the trial court properly overruled Plaintiff's motion and improperly granted Defendants' motions. The trial court's error is apparent on the face of the summary judgment wherein it sustained the Defendants' special exceptions to Plaintiff's affidavits as hereinabove pointed out. That is to say, the trial court by sustaining the special exceptions to Plaintiff's affidavits, deleted from Plaintiff's summary judgment proof, all proof concerning mutual mistake of the Plaintiff and the Ridgways in leaving the rebate provisions out of the lease agreement, all proof concerning the rebate letter serving as an inducement for Plaintiff's entering into the lease agreement, all proof of ratification by the Ridgways, Mayflower and Fidelity Union to the effect that the rebate letter was intended to be incorporated into the lease agreement, and all proof that the Defendant Elizabeth Co. acquired the property with actual knowledge of the rebate letter.

The lease contract of March 14, 1969, contained what is sometimes called a "merger provision" in the following language:

"This lease contains all of the agreements and conditions to which the parties hereto have agreed, and this lease shall not be orally modified, altered, amended or rescinded inasmuch as it is specifically agreed that this instrument can be changed, modified, altered or amended only by an agreement in writing, signed by the parties hereto or by their proper representatives or their respective successors and interests."

■ Defendants Ridgway Corporation and Ridgway individually stress heavily the parol or extrinsic evidence rule, to wit, that extrinsic evidence (such as the rebate letter) is not admissible to vary the terms of the written lease contract, particularly where the lease contract contains a "merger" provision such as the lease contract before us provides. For discussion and application of the parol or extrinsic evidence rule, see *Milliken v. Callahan County* (1887), 69 Tex. 205, 6 S.W. 681; *Guarantee Life Ins. Co. v. Davidson* (Tex.Com.App.1921), 234 S.W. 883, judgment adopted; *Hubacek v. Ennis State Bank* (1958), 159 Tex. 166, 317 S.W.2d 30. It is equally well-settled that *in the absence of fraud, accident, or mutual mistake*, the parol or extrinsic evidence rule is particularly applicable where the written contract contains a recital that it contains the "entire agreement between the parties," or a similarly worded merger provision. *Super-Cold Southwest Co. v. Elkins* (1942), 140 Tex. 48, 166 S.W.2d 97; *Rogers v. J. I. Case Co.* (Waco, Tex.Civ.App. 1954), 272 S.W.2d 429, no writ; *Kingsbery v. Phillips Petroleum Co.* (Austin, Tex.Civ. App.1958), 315 S.W.2d 561, NRE; *Ragland v. Curtis Mathes Co.* (Waco, Tex.Civ.App. 1969), 446 S.W.2d 577, no writ.

■ On the other hand, our Supreme Court has held that parol or extrinsic evidence may be introduced to show mutual mistake whereby a contract fails to express the actual agreement, and to prove the modifications necessary to be made, in cases where mutual mistake has been alleged. *Texas Pacific Coal and Oil Co. v. Crabb* (Tex.Com.App.1923), 249 S.W. 835, opinion adopted.

■ Likewise, extrinsic evidence is admissible if it shows merely the inducements that led to the execution of a written agreement or the circumstances under which it was executed. See 23 Tex.Jur. (2) "Evidence," Section 358, p. 532, and the cases therein cited.

■ In short, in the case at bar the parol or extrinsic evidence rule does not apply because of the material fact issues concerning mutual mistake and inducement which are raised by Plaintiff's pleadings. Likewise in our opinion there are other material fact issues raised herein not necessary to be specifically enumerated. Therefore the Defendants are not entitled to judgment as a matter of law, Rule 166–A, Texas Rules of Civil Procedure, and the trial court erred in granting the summary judgment.

■ Defendant Elizabeth Co. raises other defenses in addition to the parol evidence rule which we make no attempt to evaluate in this state of the record. Having found error in the trial court's judgment, and this being a discretionary matter, in the interests of justice we hereby reverse and remand the entire cause to the trial court for trial on the merits. See *Morrow v. Shotwell* (Tex.1972), 477 S.W.2d 538; *Bates v. First National Bank of Waco* (Waco, Tex. Civ.App.1973), 502 S.W.2d 181, no writ.

REVERSED AND REMANDED.